380 So.2d 564 (1980)
Joel ZIEGLER, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-950.
District Court of Appeal of Florida, Third District.
March 4, 1980.
Gary B. Sack, Miami, for appellant.
Jim Smith, Atty. Gen. and Steven L. Bolotin, Asst. Atty. Gen., for appellee.
Before HENDRY and SCHWARTZ, JJ., and VANN, HAROLD R. (Ret.), Associate Judge.
SCHWARTZ, Judge.
The defendant has appealed an order denying his motion, filed pursuant to Section 948.05, Fla. Stat. (1977), for early termination of a ten-year period of probation which had been previously and lawfully imposed. Since the authority conferred upon the court by Section 948.05 is entirely a matter of grace, we hold that an order denying that relief is non-appealable. Just as the defendant could not have complained to an appellate court if he had been initially denied probation altogether, see Bernhardt v. State, 288 So.2d 490, 494 (Fla. 1974); Arnold v. State, 356 So.2d 862, 863 (Fla. 1st DCA 1978), so, a fortiori, he may not secure review of a refusal to reduce an already existing probationary term. This conclusion is required by the principle that the advisability, as opposed to the legality, of a particular sentence is not subject to appellate review, e.g., Banks v. State, 342 So.2d 469 (Fla. 1976); Infante v. State, 197 So.2d 542 (Fla. 3d DCA 1967), and, even more plainly, by those cases which hold that no appeal may be taken from the denial of a motion for a reduction of sentence filed under Fla.R.Crim.P. 3.800. Hallman v. State, 371 So.2d 482 (Fla. 1979), affirming, 343 So.2d 912 (Fla. 2d DCA 1977); Suggs v. State, 358 So.2d 897 (Fla. 2d DCA 1978); Parker v. State, 214 So.2d 632 (Fla. 2d DCA 1968).[1]
Appeal dismissed.
NOTES
[1] We reject the appellant's contention that jurisdiction is conferred by Fla.R.App.P. 9.140(b)(1)(C), which provides that a defendant may appeal from "orders entered after final judgment or finding of guilt, including orders revoking or modifying probation." The order below clearly falls into neither of the latter, expressly-named, categories, and we do not read the provision as a whole to apply to orders such as the one before us, or those denying relief under Fla.R.Crim.P. 3.800. Surely, if the supreme court, in adopting the "new" appellate rules, meant to overrule the many cases cited in the text which hold that such orders are not appealable, it would have said so much more clearly. See also the provisions of Section 924.06, Fla. Stat. (1977), which do not provide for an appeal from such an order.