712 So.2d 833 (1998)
Raul ORTEGA, Appellant,
v.
STATE of Florida, Appellee.
No. 97-0494.
District Court of Appeal of Florida, Fourth District.
July 8, 1998.
*834 Mark K. Koenig, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Sarah B. Mayer, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, Judge.
Appellant was charged with sexual activity with a child which was alleged to have occurred in September 1994. He pled guilty and was sentenced in March 1995. He appeals an order granting the state's motion to have him declared a sexual predator, arguing that it is unconstitutional as an ex post facto violation. We affirm.
In Collie v. State, 710 So.2d 1000 (Fla. 2d DCA 1998), the second district went through the history of the Florida Sexual Predator's Act, codified at section 775.21-23, Florida Statutes (1993) and the changes made to the 1993 legislation in 1995 and 1996. As the second district pointed out, all three versions of the law require registration. Where a statute has been repealed, but provisions of the repealed statute have been substantially re-enacted, the "re-enacted provisions are deemed to have been in operation continuously from the original enactment." McKibben v. Mallory, 293 So.2d 48, 53 (Fla. 1974); Collie, 710 So.2d at 1007. Because the registration requirement in the 1995 Act, which the state asserted was applicable to appellant, was contained in the statute as it existed at the time of this crime, requiring appellant to register was not an ex post facto violation.
In addition, courts have almost universally recognized that the registration provisions in sexual predator statutes are regulatory, not punishment, and are thus not ex post facto violations. Fletcher v. State, 699 So.2d 346 (Fla. 5th DCA 1997), rev. denied, 707 So.2d 1124 (Fla.1998) and cases cited therein.
Appellant also argues that the community notification provisions of the sexual predator statute are more than regulatory and constitute an increased penalty, which is an ex post facto violation. In its motion to have appellant found a sexual predator; however, the state specified that, because of the date on which the triggering offense was committed, appellant would not be subject to the community and public notification provisions of the 1995 version of the statute. See also Collie, 710 So.2d at 1005. (offenders whose offenses occurred between October 1, 1993 and October 1, 1995 are not subject to community and public notification, citing section 775.21(4)(a), Florida Statutes (Supp.1996)).[1] Accordingly, we need not reach that issue.
Affirmed.
WARNER and TAYLOR, JJ., concur.
NOTES
[1] The legislature again amended the statute in 1997, and it now provides for community and public notification "in a manner deemed appropriate by the sheriff or the chief of police," even for offenses committed between October 1, 1993 and October 1, 1995. § 775.21(4)(a) 1.