753 So.2d 762 (2000)
John SIMMONS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-0053.
District Court of Appeal of Florida, Fourth District.
March 22, 2000.
John Simmons, Palm Beach Gardens, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Sarah B. Mayer, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
The Defendant appeals the trial court's order denying him declaratory and injunctive *763 relief on the issue of whether section 943.0435 of the Florida Statutes can be applied to him. We affirm.
The Defendant pled guilty in his best interest to one count of armed kidnapping, three counts of sexual battery, and three counts of armed sexual battery and was sentenced to six years incarceration followed by ten years probation. After the Defendant was released from prison, the legislature enacted legislation requiring sex offenders to submit to a digital photograph, which can, in the discretion of the Florida Department of Law Enforcement, be disseminated on the Internet. See §§ 943-44, Fla. Stat. (1997). The Defendant refused to comply with the statute and filed a motion for declaratory and injunctive relief in his criminal case, seeking to have section 943.0435 declared inapplicable. The trial court denied relief, and the Defendant appealed.
The Defendant argues that application to him of section 943.0435 violates the ex post facto clause and that he would have never entered a guilty plea had he known that his picture would be posted on the Internet. "In evaluating whether a law violates the ex post facto clause, a two-prong test must be applied: (1) whether the law is retrospective in its effect; and (2) whether the law alters the definition of criminal conduct or increases the penalty by which a crime is punishable." Arnold v. State, 755 So.2d 696, 699 (Fla. 4th DCA 1999). The first prong has clearly been met. However, the second prong has not been met because the statute does not alter the definition of criminal conduct and does not constitute punishment. We have stated that section 943.0435 is a regulatory statute. See Quinn v. State, 751 So.2d 627 (Fla. 4th DCA 1999). Regulatory statutes do not constitute punishment. See generally Fletcher v. State, 699 So.2d 346, 347 (Fla. 5th DCA 1997), rev. denied, 707 So.2d 1124 (Fla.1998). In addition, the reporting requirements as well as the notification requirements of the Sexual Predator Act, which require law enforcement agencies to post information about sexual predators on the Internet, are regulatory and procedural in nature and do not violate the ex post facto clause. See Rickman v. State, 714 So.2d 538, 539 (Fla. 5th DCA 1998). Because the Sexual Predator Act, section 775.21 of the Florida Statutes, is similar to the sexual offender statutes at issue in the present case, we conclude based on Rickman that no ex post facto violation occurred because the second prong of the test has not been met. Accordingly, we affirm in all respects.
AFFIRMED.
WARNER, C.J., GUNTHER and KLEIN, JJ., concur.