775 So.2d 340 (2000)
Larry GARVISON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D98-3325.
District Court of Appeal of Florida, Second District.
August 30, 2000.
*341 Cedric P. Hay of Beil & Hay, P.A., Hudson, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Appellee.
GREEN, Acting Chief Judge.
Larry Garvison timely appeals the trial court's judgment which revoked his community control. Garvison contends that the trial court erred in originally modifying his community control by sentencing him to six months in county jail. Garvison also contends the trial court again erred by later revoking his community control, while he was serving his jail sentence, based on an incident which occurred prior to the modification. We agree with Garvison's contentions and reverse with directions.
On February 7, 1997, Garvison was placed on community control for a period of two years. On October 23, 1997, an affidavit of violation of community control was filed for violations committed on October 5 and October 9, 1997. A hearing was held on the violations on January 9, 1998.
The trial court, with Garvison's agreement, modified his community control and sentenced him to six months in the county jail. After Garvison began serving his jail sentence, another affidavit of violation of community control was filed on March 11, 1998, for a battery which occurred on August 31, 1997. In July 1998, the trial court held a hearing on the March 1998 affidavit and found that Garvison had violated the terms of his community control based on the battery that occurred on August 31, 1997. The trial court sentenced Garvison to sixty-one months of imprisonment after revoking his community control.
When the trial court modified Garvison's community control on January 9, 1998, by imposing a six-month county jail sentence, it actually added a new condition to his community control: a six-month jail sentence. A trial court may at any time modify community control conditions it has previously imposed but cannot enhance the penalty or add new conditions, as it did with Garvison's six-month jail sentence. See § 948.03(6), Fla. Stat. (1997). Even though Garvison agreed to the six-month jail sentence, this does not cure the error. See Clark v. State, 579 So.2d 109 (Fla.1991) (holding that absent proof of violation, the court cannot change order of probation or community control by enhancing terms thereof, even if defendant has agreed in writing with probation officer to allow modification and has waived notice and hearing); Casterline v. State, 703 So.2d 1071 (Fla. 2d DCA 1997) (holding that although the court has right to rescind or modify terms and conditions of probation at any time, absent proof of violation, the court cannot change the order of probation by enhancing its terms and double jeopardy includes protection against enhancements or extensions of conditions of probation).
Additionally, the trial court erred again when it attempted in July 1998 to use a battery that Garvison committed on August 31, 1997, to revoke Garvison's community control. Once the new sentence of six months in county jail was imposed, which effectively became a revocation, the trial court could not enter a second order revoking Garvison's community control. *342 See Baker v. State, 380 So.2d 1173 (Fla. 4th DCA 1980).
We reverse the order revoking Garvison's community control and remand for proceedings consistent with this opinion.
Reversed and remanded.
CASANUEVA, J., and DANAHY, PAUL W., (Senior) Judge, Concur.