765 So.2d 967 (2000)
Christian BURGOS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-3374.
District Court of Appeal of Florida, Fourth District.
September 6, 2000.
Sandra P. Burgos, Jackson Heights, New York, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, J.
Appellant Christian Burgos pled no contest to three felonies in 1996. He was sentenced as a youthful offender to concurrent terms of community control followed by concurrent terms of probation.
Burgos appeals a 1999 order requiring him to register as a felon pursuant to section 775.13(1), Florida Statutes (1995). That statute provides that:
[a]ny person who has been convicted of a felony in any court of this state shall, within 48 hours after entering any county in this state, register with the sheriff of said county, be fingerprinted and photographed, and list the crime for which convicted, place of conviction, sentence imposed, if any, name, aliases, if any, address, and occupation.
In the 1998 supplement to the 1997 Florida Statutes, the former section 775.13(1) became section 775.13(2). A new section (1) was added to explain:
As used in this section, the term "convicted" means, with respect to a person's felony offense, a determination of guilt which is the result of a trial or the entry of a plea of guilty or nolo contendere, regardless of whether adjudication is withheld.
*968 The section 775.13(1) registration requirement in place at the time of defendant's sentencing was thus clarified two years later. The 1998 amendment to the statute clears up the meaning of the term "convicted." The supreme court has recognized that "the term `conviction' as used in Florida law has been a `chameleon-like' term that has drawn its meaning from the particular statutory context in which the term is used." Raulerson v. State, 763 So.2d 285, 291 (Fla.2000) (quoting State v. Keirn, 720 So.2d 1085, 1086 (Fla. 4th DCA 1998)). The legislature's subsequent amendment of a statute may properly be used to ascertain the legislative intent behind an earlier version of the statute. See Palma Del Mar Condominium Ass'n No. 5 of St. Petersburg, Inc. v. Commercial Laundries of West Florida, Inc., 586 So.2d 315, 317 (Fla.1991) (noting "courts may consider subsequent legislation to determine the intended result of a previously enacted statute"); Lowry v. Parole & Probation Comm'n, 473 So.2d 1248, 1250 (Fla. 1985); Gamble v. State, 723 So.2d 905, 907 (Fla. 5th DCA 1999) (stating "our courts have a duty to consider subsequent legislation in arriving at a correct interpretation of a prior statute").
We reject appellant's contention that the trial court's order that he register as a convicted felon violates his constitutional right against ex post facto laws under Article I, Section 10, Clause 1 of the United States Constitution and Article I, Section 10 of the Florida Constitution.
The case at bar is analogous to cases where this court has held the registration provisions in sexual predator statutes to be regulatory, not punitive, and thus not ex post facto violations. For example, in Simmons v. State, 753 So.2d 762, 763 (Fla. 4th DCA 2000), the defendant pled guilty to one count of armed kidnapping, three counts of sexual battery, and three counts of armed sexual battery. He was sentenced to six-years incarceration followed by ten years probation. See id. After the defendant's release from prison, the legislature enacted legislation requiring sex offenders to submit to a digital photograph which could be disseminated on the Internet. See id. The defendant refused to comply and filed motions for relief from this requirement. See id. The trial court denied relief and the defendant appealed. See id.
On appeal, the defendant in Simmons argued that section 943.0435, Florida Statutes (1997), violated the ex post facto clause as applied to him. See id. We explained:
"In evaluating whether a law violates the ex post facto clause, a two-prong test must be applied: (1) whether the law is retrospective in its effect; and (2) whether the law alters the definition of criminal conduct or increases the penalty by which a crime is punishable."
Id. (quoting Arnold v. State, 755 So.2d 696, 699 (Fla. 4th DCA 1999)); Gwong v. Singletary, 683 So.2d 109, 112 (Fla.1996). In affirming the trial court, the Simmons court found that the first prong was clearly met. See 753 So.2d at 763. However, the second prong was not met because "the statute does not alter the definition of criminal conduct and does not constitute punishment." Id. We noted that we had previously found section 943.0435 to be regulatory and "[r]egulatory statutes do not constitute punishment." Id. (citation omitted). See Walker v. State, 718 So.2d 217, 218 (Fla. 4th DCA 1998) ("The sexual predator designation `is neither a sentence nor a punishment but simply a status resulting from the conviction of certain crimes.'") (quoting Fletcher v. State, 699 So.2d 346, 347 (Fla. 5th DCA 1997)); Ortega v. State, 712 So.2d 833, 834 (Fla. 4th DCA 1998) (holding application of successor statute regarding registration of sexual predator was regulatory and not an ex post facto violation); State, Dep't of Corrections v. Goad, 754 So.2d 95, 97 (Fla. 1st DCA 2000) (discussing standard for determining whether a statute violates the ex post facto clause and holding statutes authorizing initiation of civil action against *969 prison inmate to recover cost of incarceration were not ex post facto).
Unlike the statute at issue in Simmons, the registration requirement in this case was in place at the time of appellant's sentencing and was clarified two years later. This case does not involve a law "retrospective in its effect," the first prong of the test described in Simmons. 753 So.2d at 763. Moreover, like the statute in Simmons, the registration requirement in this case is regulatory, such that it does not constitute punishment. See id. Thus, there was no constitutional violation.
On the remaining issue, we hold that the trial court's order denying appellant's motion to terminate his probation is not an appealable order. See Ziegler v. State, 380 So.2d 564, 564 (Fla. 3d DCA 1980). In Ziegler, the defendant appealed an order denying his motion for early termination of a ten-year period of probation. See id. The third district dismissed the appeal and stated
Since the authority conferred upon the court by Section 948.05[1] is entirely a matter of grace, we hold that an order denying that relief is non-appealable.... This conclusion is required by the principle that the advisability, as opposed to the legality, of a particular sentence is not subject to appellate review,... and, even more plainly, by those cases which hold that no appeal may be taken from the denial of a motion for a reduction of sentence filed under Fla. R.Crim. P. 3.800.
Id. (citations omitted). See Oser v. State, 699 So.2d 844, 845 (Fla. 4th DCA 1997) (noting "orders denying motions to mitigate... [are] not appealable"); Clewis v. State, 715 So.2d 1129, 1129 (Fla. 3d DCA 1998) (holding order denying motion for reduction of sentence under Rule 3.800 is not appealable).
We therefore affirm the order requiring appellant to register as a convicted felon and dismiss that portion of the appeal directed at the trial court's refusal to terminate probation.
KLEIN, J., and FINE, EDWARD H., Associate Judge, concur.
NOTES
[1] Section 948.05(1999), provides:

Court to admonish or commend probationer or offender in community control.A court may at any time cause a probationer or offender in community control to appear before it to be admonished or commended, and, when satisfied that its action will be for the best interests of justice and the welfare of society, it may discharge the probationer or offender in community control from further supervision.