843 So.2d 1039 (2003)
Albert WESNER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-567.
District Court of Appeal of Florida, Second District.
May 9, 2003.
Lee Adam Cohen of McDonald & Shearer, Lakeland, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Danilo Cruz-Carino, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Albert Wesner appeals the denial of his motion for modification of probation. The *1040 trial court's order is not appealable, see Baker v. State, 746 So.2d 469 (Fla. 2d DCA 1997), but it is subject to review under this court's certiorari jurisdiction. See Moya v. State, 668 So.2d 279, 280 (Fla. 2d DCA 1996); Smith v. State, 471 So.2d 1347, 1348 (Fla. 2d DCA 1985), approved sub nom. Abreu v. State, 660 So.2d 703 (Fla.1995). Because the basis of the trial court's denial was its mistaken belief that it did not have the legal authority to consider the motion, we treat this appeal as a petition for writ of certiorari and grant the petition.
In February 2001 Wesner entered a guilty plea to the offense of lewd act on a child, a violation of section 800.04, Florida Statutes (2000), in exchange for a sentence of fifteen years of sex offender probation. The record reflects that the victim was a fifteen-year-old girl who was not related to Wesner. In the plea agreement, Wesner acknowledged that all standard conditions of probation would apply as well as all additional standard conditions of probation "as set forth in the Tenth Circuit Sentencing Order pursuant to F.S. 948.03(5)."
In the written probation order, the trial court imposed condition 16 as follows: "If the victim(s) is/are under the age of 18, until successful completion of sex offender treatment, you shall have no unsupervised contact with children less than eighteen (18) years of age without the approval of the sentencing court." This condition is worded differently than the statutory condition contained in section 948.03(5)(a)(5), Florida Statutes (2000), which provides:
If the victim was under the age of 18, a prohibition, until successful completion of a sex offender treatment program, on unsupervised contact with a child under the age of 18, unless authorized by the sentencing court without another adult present who is responsible for the child's welfare, has been advised of the crime, and is approved by the sentencing court.
In July 2001 Wesner filed a motion to modify probation condition 16 so that he could have unsupervised contact with his six-year-old son and his grandchildren. At a hearing on the motion, the only evidence that was presented was testimony by a psychologist in support of Wesner's request. The psychologist noted that Wesner had completed eight months of his four-year treatment program, and he testified that he was very comfortable with Wesner having unsupervised visitation with the family members.
The trial court denied the motion, concluding that it did not have the authority to allow for unsupervised visitation until after Wesner successfully completed a sex offender treatment program. Wesner argues that the trial court erroneously interpreted the language of section 948.03(5)(a)(5) and probation condition 16 as eliminating the trial court's discretion until the treatment program is completed. Under our certiorari standard of review, we conclude that the trial court's interpretation departed from the essential requirements of law.
We read the language of condition 16 and section 948.03(5)(a)(5) as prohibiting unsupervised contact with children under eighteen until after completion of the sex offender treatment program unless, prior to completion of the program, the trial court authorizes such unsupervised contact. We also note that pursuant to section 948.03(6), a trial court has the authority to rescind or modify the terms of probation or community control at any time, but absent a violation of probation or community control, it may not add new conditions or enhance the penalty. See Blair v. State, 805 So.2d 873, 877 (Fla. 2d DCA 2001); Garvison v. State, 775 So.2d 340, 341 (Fla. 2d DCA 2000).
By concluding that it did not have the discretion to modify Wesner's probation to *1041 allow him to have unsupervised contact with his son and grandchildren until completion of the sex offender treatment program, the trial court departed from the essential requirements of law. Accordingly, we grant the petition for writ of certiorari and remand for the trial court to consider whether it should approve Wesner's request.
Petition granted.
FULMER and COVINGTON, JJ., concur.