918 So.2d 390 (2006)
Harvey Lee ROGERS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-4040.
District Court of Appeal of Florida, Fifth District.
January 13, 2006.
Harvey L. Rogers, Raiford, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.

*391 ON MOTION FOR REHEARING

GRIFFIN, J.
We grant appellant's motion for rehearing, withdraw our prior opinion and substitute the following in lieu thereof.
Harvey Lee Rogers ["Rogers"] appeals an order denying a motion to modify his probation. We lack jurisdiction and, accordingly, dismiss the appeal.
In June 2004, Rogers was charged by information with burglary of an occupied dwelling and false imprisonment. He agreed to plead guilty to burglary, with the understanding that he would be sentenced to six years in the Department of Corrections, followed by nine years of probation. Two of the special conditions of Rogers' probation were that he not live within one mile of the victim and that he not have any contact, directly or indirectly, with the victim.
Rogers was sentenced in accordance with his plea. However, while serving the incarcerative portion of his sentence, Rogers filed a motion to modify his probation. The motion explained that Rogers intended to reside at 116 Lincoln Street, in Enterprise, Florida, upon his release from prison; that the home had passed to him upon his father's death and was his residence of more than thirty years; and that subsequent to sentencing, the victim had moved into a house directly next door. Rogers asserted that it would be a great emotional and financial hardship on him if, upon his release, he were not allowed to live at his long-term residence or even to go to the property for maintenance. He said that he had no desire to have any contact with the victim, but he wanted the court to change the special conditions of his probation that he not live within one mile of the victim and not have any contact with the victim. The lower court denied Rogers' motion.
There are arguably two ways to view this case from a jurisdictional standpoint. If Rogers agreed to the condition of probation about which he now complains (that he would not live within a mile of the victim and have no contact with the victim), Rogers' motion would appear to constitute a post-sentencing motion to modify an agreed-upon sentence, because of events occurring after sentencing. Alternatively, the action can be viewed as an attempt to enforce the original plea, an argument that Rogers makes for the first time on appeal, based on his assertion that the plea agreement contemplated that he would live in his residence upon his release from prison.
It appears most accurate to treat Rogers' motion as a motion to modify his probation because the plea agreement contains no express provision that he would be permitted to live in his home upon his release and he plainly agreed to the one mile restriction.[1] His complaint appears to be that events occurring after the plea make it inequitable to enforce the restriction to which he agreed. If Rogers' motion is viewed as a motion to modify his probation, we lack jurisdiction because an order denying a defendant's motion to modify probation is not an appealable order. Wesner v. State, 843 So.2d 1039 (Fla. 2d DCA 2003); Ziegler v. State, 380 So.2d 564 (Fla. 3d DCA 1980). In Ziegler, the defendant appealed an order denying his motion for early termination of his probation. The Third District court held that the order was not appealable pursuant to rule 9.140(b)(1)(C) of the Florida Rules of Appellate Procedure (now rule *392 9.140(b)(1)(D)), which provided for an appeal by the defendant of "orders entered after final judgment or finding of guilt, including orders revoking or modifying probation." Id. (emphasis added).
There are extraordinary circumstances in which such orders may be reviewable by means of certiorari, but this is a remedy reserved for those situations where there has been "a violation of a clearly established principle of law resulting in a miscarriage of justice." Combs v. State, 436 So.2d 93, 96 (Fla.1983). Here the court may simply have considered the motion to be premature, given the residence of the victim may change again by the date of Rogers' release.
DISMISSED.
PLEUS, C.J. and ORFINGER, J., concur.
NOTES
[1] Even if Rogers' motion were viewed as an attempt to enforce the original plea, as the State argues, we should dismiss the appeal for lack of jurisdiction because of Rogers' failure to move to withdraw his plea.