965 So.2d 270 (2007)
STATE of Florida, Appellant,
v.
Thomas Jerome SPRINGER, Appellee.
No. 5D06-2953.
District Court of Appeal of Florida, Fifth District.
September 14, 2007.
Bill McCollum, Attorney General, Tallahassee, and Anthony J. Golden, Assistant *271 Attorney General, Daytona Beach, for Appellant.
David A. Webster, Longwood, for Appellee.
ORFINGER, J.
The State of Florida appeals an order modifying a condition of Thomas Springer's sex offender probation. The State contends that the trial court was without authority to modify the statutorily mandated condition set forth in section 948.30(1)(b), Florida Statutes (2006), requiring the trial court to prohibit any sex offender on probation from living within 1,000 feet of a playground or other place where children congregate. As Mr. Springer correctly points out, the trial court's order is not appealable. See Baker v. State, 746 So.2d 469 (Fla. 2d DCA 1997). It is, however, subject to review under this Court's certiorari jurisdiction. See Wesner v. State, 843 So.2d 1039, 1040 (Fla. 2d DCA 2003). Accordingly, we treat this matter as a petition for writ of certiorari and grant the petition.
Mr. Springer pled no contest to various sex offenses, was designated a sexual offender, and placed on consecutive terms of sex offender probation. As required by section 948.30(1)(b), Florida Statutes (2006), included in the conditions of his probation was a condition prohibiting him "from living within 1,000 feet of a school, day care center, park, playground, or other place where children regularly congregate, as prescribed by the court." Unfortunately, Mr. Springer's residence measured 865 feet from a playground in a neighboring gated community. As a result, he petitioned the court to modify his probation to allow him to continue to live at that residence. The trial court granted Mr. Springer's motion, allowing him to live 865 feet from the playground so long as he did not enter any portion of the subdivision and its recreation area. This proceeding followed.
The State asserts that the trial court did not have the authority to modify the residence restriction as section 948.30(1)(b) prohibits a sex offender on probation from living within 1,000 feet of a playground or similar facility. We agree.
In its order granting the modification, the trial court determined that it had authority to modify Mr. Springer's conditions of probation, reasoning:
11. The State asserts that the Court does not have the authority to modify a F.S. § 948.30 sex offender probation condition in any respect.
12. Florida Statute 948.03(2) provides in pertinent part that "The Court may rescind or modify at any time the terms and condition theretofore imposed by it upon the probationer." That language existed in § 948.03 at the time § 948.30 was promulgated. The legislature is presumed to know its own statutes when it enacts a new statute, and the enactment is done with that knowledge. Tamiami Trail Tours, Inc. v. Lee, 142 Fla. 68, 194 So. 305 (1940). The general presumption is that later statutes are passed with knowledge of prior existing laws, and a construction is favored which gives each one a field of operation, rather than the former being repealed by implication. Baxley v. State, 411 So.2d 194 (Fla. 5[th] DCA[] 1981); State v. Dunmann, 427 So.2d 166 (Fla.1983).
13. A statute should be interpreted to give effect to every clause in it, and to accord meaning and harmony to all of its parts. State ex rel. City of Casselberry v. Mager, 356 So.2d 267, 269 n. 5 (Fla. 1978). Likewise, "statutory phrases are not to be read in isolation, but rather within the context of the entire section[.]" *272 Jackson v. State, 634 So.2d 1103, 1105 (Fla. 4th DCA 1994); see also, Smith v. United States, 508 U.S. 223, 233, 113 S.Ct. 2050, 2056, 124 L.Ed.2d 138 (1993) (Just as a single word cannot be read in isolation, nor can a single provision of a statute.)[.] The State urges such an interpretation by asserting that the use of the word "must" in § 948.30(1) prohibits the Court from modifying any of the sex offender probation conditions as authorized by § 948.03(2). The Court is not inclined to accept this interpretation.
14. As noted earlier, § 948.03(1)(b) contains the phrase ",as prescribed by the court." [sic] at the end of a list of places proscribed within the 1,000 ft buffer imposed by the legislature. Based upon standard American English rules of punctuation this phrase, when set off by a comma, applies to all of the preceding listed subordinate clauses. One of the definitions of "prescribed" in Webster's New World Dictionary is "to set down or imposed rules."
15. Thus, § 948.30(1)(b) of the Florida Statutes, when read giving meaning to the afore cited clause provides that the Court may impose rules or conditions applicable to any of the proscribed places within the 1,000 ft buffer.
As a general proposition, a trial court has authority to modify or rescind the terms or conditions of probation imposed by it. § 948.03(2), Fla. Stat. (2006);[1]see, e.g., Lippman v. State, 633 So.2d 1061 (Fla.1994). However, that discretion is not unlimited. Section 948.30(1), Florida Statutes (2006), mandates that for probationers who committed certain specified sex-based crimes after October 1, 1995, "the court must impose [certain] conditions in addition to all other standard and special conditions imposed." One of the legislative mandates is that the trial court prohibit any probationer from living within 1,000 feet of any school, day care center, park or playground, or any other place where children regularly congregate.[2] § 948.30(1)(b), *273 Fla. Stat. (2006). As this condition is mandatory for individuals convicted of Mr. Springer's offenses, we conclude that the trial court was not authorized to modify or delete it. § 948.30(1)(b), Fla. Stat. (2006); Woodson v. State, 864 So.2d 512, 515 (Fla. 5th DCA) (holding that trial judge is obligated to impose mandatory conditions of sex offender probation and that "the statute does not allow for judicial discretion"), review dismissed, 889 So.2d 823 (Fla. 2004); see State v. Miller, 888 So.2d 76, 78 (Fla. 5th DCA 2004); see also Holly v. Auld, 450 So.2d 217, 219 (Fla.1984) (explaining that courts are "without power to construe an unambiguous statute in a way which would extend, modify, or limit its express terms").
Mr. Springer argues that Wesner v. State, 843 So.2d 1039 (Fla. 2d DCA 2003), gives the court the authority to modify the condition as long as it was originally imposed as required. We disagree. In Wesner, the Second District, reviewing section 948.03(5)(a)5., Florida Statutes (2000), held that the trial court had discretion to modify the defendant's probation to allow him to have unsupervised contact with his young son and grandchildren before completing his four-year sex offender treatment program. However, unlike here, section 948.03(5)(a)5., Florida Statutes (2000), specifically authorized the trial court to allow for unsupervised contact between a defendant and a child under the age of 18:
If the victim was under the age of 18, a prohibition, until successful completion of a sex offender treatment program, on unsupervised contact with a child under the age of 18, unless authorized by the sentencing court without another adult present who is responsible for the child's welfare, has been advised of the crime, and is approved by the sentencing court.

(Emphasis added). Based on the statute's clear language, the Second District concluded the trial court had the discretion to modify the defendant's probation. In this case, no such authority exists. Accordingly, we quash the order on review.
PETITION GRANTED, ORDER QUASHED.
MONACO and EVANDER, JJ., concur.
NOTES
[1] This section formerly appeared in section 948.03(6), Florida Statutes (2004). The statute was rewritten, effective July 1, 2004. See Ch. 2004-373, §§ 14-25, Laws of Fla.
[2] Section 948.30, Florida Statutes (2006), formerly appeared as section 948.03(5), Florida Statutes (2004). The statute was relocated and renumbered effective July 1, 2004. See Ch. 2004-373, § 18, Laws of Fla. This section now provides in pertinent part:

948.30. Additional terms and conditions of probation or community control for certain sex offenses.
Conditions imposed pursuant to this section do not require oral pronouncement at the time of sentencing and shall be considered standard conditions of probation or community control for offenders specified in this section.
(1) Effective for probationers or community controllees whose crime was committed on or after October 1, 1995, and who are placed under supervision for violation of chapter 794, s. 800.04, s. 827.071, or s. 847.0145, the court must impose the following conditions in addition to all other standard and special conditions imposed:
(a) A mandatory curfew from 10 p.m. to 6 a.m. The court may designate another 8-hour period if the offender's employment precludes the above specified time, and the alternative is recommended by the Department of Corrections. If the court determines that imposing a curfew would endanger the victim, the court may consider alternative sanctions.
(b) If the victim was under the age of 18, a prohibition on living within 1,000 feet of a school, day care center, park, playground, or other place where children regularly congregate, as prescribed by the court. The 1,000-foot distance shall be measured in a straight line from the offender's place of residence to the nearest boundary line of the school, day care center, park, playground, or other place where children congregate. The distance may not be measured by a pedestrian route or automobile route. . . .