PER CURIAM.
The State of Florida appeals an order of the trial court modifying the sentence imposed after Appellee, who was represented by private counsel, entered into a plea agreement. The plea agreement called for a sentence of forty-eight months’ probation, six months of which was to be spent in the Orange County Jail Work Release Program for the offenses of aggravated assault with a deadly weapon, resisting *302 merchandise recovery and petit theft. As part of the agreement, the State entered a nolle prosequi on the aggravated battery with a deadly weapon charge.
A few weeks later, Appellee sent the trial court a pro se motion to modify her sentence, asking for a reduction to eighteen months of probation and ninety days of work release. Though not of record, apparently the trial judge communicated to defense counsel that he would entertain the motion if it were filed by counsel. Counsel filed the motion, and the trial court entered an order reducing the six months of work release to ninety days. The State appeals, seeking enforcement of the plea agreement and the benefit of its bargain. We agree that the trial court lacked the discretion to modify the sentence previously imposed pursuant to the plea agreement. State v. Swett, 772 So.2d 48 (Fla. 5th DCA 2000). We accordingly reverse and remand to the trial court with instructions to vacate the order of modification.
REVERSED and REMANDED.
GRIFFIN, EVANDER and JACOBUS, JJ., concur.