PER CURIAM.
We affirm the trial court’s order denying appellant’s rule 3.850 motion as untimely. Appellant did not establish an exception to the time limitation. Fla. R.Crim. P. 3.850(b). Appellant suggests that his ability to file a timely motion to withdraw plea was frustrated by the ineffectiveness of counsel that represented him on the plea. However, counsel’s alleged deficiencies did not interfere with appellant’s ability to file a timely motion for post-conviction relief. Appellant filed two sets of timely post-conviction motions which were dismissed for procedural deficiencies without prejudice to refile. Appellant failed to file a proper motion within the two-year time limit. In an abundance of caution, we have considered the merits of appellant’s claims. His motion established no basis for post-conviction relief. His claim that his convictions for failure to register as a sexual offender violate his “ex post facto rights” is without merit. See Smith v. Doe, 538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003); Simmons v. State, 753 So.2d 762 (Fla. 4th DCA 2000).

Affirmed.

WARNER, POLEN and DAMOORGIAN, JJ., concur.