LAMBERT, J.
Peter Alejandro Enea seeks certiorari review of the trial court’s denial of his motion to terminate probation. In denying Enea’s motion, the trial court declined to exercise its discretion to consider the motion on its merits and apparently found that “case law clearly prohibits” the trial court from terminating probation where the defendant enters into a plea agreement with the State. We hold that a trial court maintains its discretion pursuant to section 948.05, Florida Statutes (2015), to grant a motion to terminate probation where the defendant is sentenced pursuant to a plea agreement. Accordingly, we find that the trial court departed from the essential requirements of law by failing to afford Enea procedural due process. Therefore, we grant the petition for certiorari and quash the order on review.
Enea and the State entered into a plea agreement by which Enea would receive 18 months’ probation as his sentence. The four-page plea agreement did not contain any express provisions prohibiting Enea from seeking an early termination of probation. The trial court accepted the plea agreement and sentenced Enea in accordance with the plea agreement. The court’s Order of Probation expressly stated that the court may at any time discharge Enea from further supervision.
After Enea had completed over half of his probationary term, he filed a motion to terminate his probation, alleging that he has never been found to have violated his probation and has completed all of the affirmative conditions of probation. Enea’s probation officer was contacted and left the decision to terminate probation “to the discretion of the Court.” The motion further stated, “The ends of justice do not require the use of additional judicial and State resources to be further expended in the Defendant’s case in light of the Defendant’s good conduct and the completion of all affirmative requirements of probation.”
The trial court denied the motion, citing to State v. Howell, 59 So.3d 301 (Fla. 5th DCA 2011).[1] In Howell, we found that the trial court lacked discretion under Florida Rule of Criminal Procedure 3.800(c) to modify the defendant’s sentence following a plea agreement. See id. at 302 (“We agree that the trial court lacked the discretion to modify the sentence previously imposed pursuant to the plea agreement.” (citing State v. Swett, 772 So.2d 48 (Fla. 5th DCA 2000))). Enea filed a motion for reconsideration, stating that “Howell is distinguishable from the instant case because [Enea] is not seeking a modification of his sentence but rather is seeking an early termination of his probation, which is expressly authorized by Section 948.05, Florida Statutes.” Section 948.05 provides:
A court may at any time cause a probationer or offender in community control *221 to appear before it to be admonished or commended, and, when satisfied that its action will be for the best interests of justice and the welfare of society, it may discharge the probationer or offender in community control from further supervision.
§ 948.05, Fla. Stat. (2015).
The trial court denied the motion for reconsideration, referring to Enea’s argument as “erroneous.” The court stated that it would not “place form over substance when it finds that the result sought by [Enea] is identical to modifying the contract between the State of Florida and [Enea] — which the case law clearly prohibits.” Enea then filed the instant petition for writ of certiorari, seeking to quash the trial court’s order denying his motion to terminate probation.
As an initial matter, we address our jurisdiction to address the petition. Normally, a trial court’s denial of a motion to terminate probation pursuant to section 948.05 is non-appealable because the trial court’s authority under that statute is “entirely a matter of grace.” Ziegler v. State, 380 So.2d 564, 564 (Fla. 3d DCA 1980). However, where the trial court declines to exercise its discretion after concluding as a matter of law that it lacks the authority to do so, as here, we may exercise our certio-rari jurisdiction. Cf. Wesner v. State, 843 So.2d 1039, 1040 (Fla. 2d DCA 2003) (concluding that the trial court departed from the essential requirements of law because it erroneously interpreted the language of section 948.03(5)(a)(5) and a condition of probation as eliminating the trial court’s discretion).
By refusing to consider Enea’s motion for termination of probation on the merits, we find that the trial court departed from the essential requirements of law by failing to afford him procedural due process. Neither party cited to any case law that prohibits the court from granting a motion to terminate probation simply because the defendant has entered into a plea agreement that was accepted by the court. Nor did our independent research locate any. Further, there is a qualitative ■ difference between a modification of probation and a termination of probation. Whereas Florida Rule of Criminal Procedure 3.800(c) creates a procedure by which the trial court may reduce or modify a legal sentence imposed by it within 60 days, section 948.05, Florida Statutes, provides the court with statutory authority to discharge the probationer when it is “satisfied that its action will be for the best interests of justice and the welfare of society.” § 948.05, Fla. Stat. (2015); see also Arriaga v. State, 666 So.2d 949, 950 (Fla. 4th DCA 1996) (“[Section 948.05] requires the court to respond to the facts and circumstances that develop during the term of probation. If the probationer has ful- - filled his obligations and has been a ‘model probationer,’ the interests of justice (not to mention the wise allocation of scarce resources) may require that early termination be considered.”); Baker v. State, 619 So.2d 411, 412 (Fla. 2d DCA 1993) (stating that “a trial judge is not empowered to prevent the circuit court in the future from exercising its authority to discharge a probationer” (citing § 948.05, Fla. Stat. (1991))).
Here, the State professionally concedes that the trial court retained its authority to terminate probation pursuant to section 948.05, Florida Statutes, notwithstanding the fact that Enea was sentenced pursuant to his plea agreement. As previously indicated, the trial court’s Order of Probation expressly provided that the court could *222 discharge Enea from further supervision at any time. Accordingly, we grant the petition and remand for the trial court to consider the motion to terminate probation on the merits.[2]
PETITION GRANTED; ORDER QUASHED; CASE REMANDED.
PALMER and WALLIS, JJ., concur.

. The motion was denied by the same judge who entered the Order of Probation.

. We express no opinion as to the merits of Enea's motion seeking early termination of his probation.