PER CURIAM.
Cody Stuart Johnston appeals the order denying his amended motion to terminate his sex-offender probation. We dismiss the appeal for two independent reasons.
First, the order is not appealable because trial courts have unbridled discretion to decide whether or not to terminate a defendant’s probation early. See Ziegler v. State, 380 So.2d 564 (Fla. 3d DCA 1980) (“Since the authority [to terminate probation early] conferred on the court by section 948.05 is entirely a matter of grace, we hold that an order denying that relief is non-appealable,”). Second, the appeal was untimely because the notice of appeal was filed 35 days after the date the order was rendered, which is five days after the jurisdictional deadline in Florida Rule of Appellate Procedure 9.110(b). See Miami-Dade County v. Peart, 843 So.2d 363 (Fla. 3d DCA 2003) (explaining that the 30-day appeal deadline is jurisdictional and that an untimely appeal must be dismissed).
Johnston’s argument that this appeal was timely because Florida Rule of Judicial Administration 2.514(b) adds five days to the appeal deadline since the challenged order was served by mail is based on an all-too-common misunderstanding of the rule’s application. The rule provides that five days are added to periods of time that commence upon service if service was made by mail. Fla. R. Jud. Admin. 2.514(b) (‘When a party may or must act within a specified time after service and service is made by mail ..., five days are added after the period that would otherwise expire under subdivision (a).”). However, the rule does not apply to the 30-day period within which the notice of appeal *977 must be filed because that period commences upon rendition of the challenged order rather than service of the order. See Fla. R. App. P. 9.110(b) (stating that the appellate court’s jurisdiction to review final orders issued by a trial court “shall be invoked by filing a notice ... with the clerk of the lower [court] within 30 days of rendition of the order to be reviewed”); cf. Ashley v. Moore, 742 So.2d 533 (Fla. 1st DCA 1999); Dominguez v. Barakat, 609 So.2d 664 (Fla. 3d DCA 1992).
Accordingly, this appeal is DISMISSED.
B.L. THOMAS, WETHERELL, and M.K. THOMAS, JJ., concur.