DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DELSA VELAZQUEZ,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-245

[December 4, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barbara A. McCarthy, Judge; L.T. Case No. 11-018997CF10A.

John Weinberg, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and James J. Carney, Senior Assistant Attorney General, West Palm Beach, for appellee.

KUNTZ, J.

Delsa Velazquez appeals the court's order denying her renewed motion for early termination of probation. When Velazquez pleaded no contest to grand theft in 2012, the original sentencing judge withheld adjudication, placed her on ten years of probation, and ordered her to pay $28,750.68 in restitution. In 2018, she moved for early termination of probation, arguing that she had paid the full amount of restitution and had not violated her probation.

The successor court held a hearing on Velazquez's motion and took the matter under advisement, stating that it "need[ed]" the scoresheet before it could rule on the motion, and it "want[ed] to look at the file."

Two months after the hearing, the court still had not decided the motion, and Velazquez renewed her motion for early termination. The court denied the renewed motion without explanation, which Velazquez now appeals.

We dismiss the appeal because an order denying early termination of probation is not an appealable order.

Section 948.05, Florida Statutes (2018), grants a trial court the authority to grant a probationer early termination of supervision. *Arriaga v. State*, 666 So. 2d 949, 950 (Fla. 4th DCA 1996) ("[Section 948.05] requires the court to respond to the facts and circumstances that develop during the term of probation. If the probationer has fulfilled his obligations and has been a 'model probationer,' the interests of justice (not to mention the wise allocation of scarce resources) may require that early termination be considered.").

But that authority is "a matter of grace," and a court's refusal to exercise it is not appealable. *Burgos v. State*, 765 So. 2d 967, 969 (Fla. 4th DCA 2000) (quoting *Ziegler v. State*, 380 So. 2d 564, 564 (Fla. 3d DCA 1980)); *see also Johnston v. State*, 202 So. 3d 976, 976 (Fla. 1st DCA 2016).

We note that an appeal of an order denying a request to release a probationer from supervision has been treated as a petition for writ of certiorari. *Enea v. State*, 171 So. 3d 219, 221 (Fla. 5th DCA 2015); *cf. Wesner v. State*, 843 So. 2d 1039, 1039–40 (Fla. 2d DCA 2003) (treating appeal of order denying motion for modification of probation as petition for writ of certiorari). But in *Enea*, the circuit court was under the mistaken belief that it was prohibited from granting early termination. 171 So. 3d at 221–22 (granting petition and remanding for court to consider merits of motion to terminate probation); *cf. Wesner*, 843 So. 3d at 1040 ("Because the basis of the trial court's denial was its mistaken belief that it did not have the legal authority to consider the motion, we treat this appeal as a petition for writ of certiorari and grant the petition.").

Here, the court recognized its authority but denied the request to grant early termination of supervision. That order is not appealable, and the appeal is dismissed.

*Dismissed.*

KLINGENSMITH, J., concurs.
GROSS, J., concurs specially with opinion.

GROSS, J., concurs specially.

I concur that an order denying an early termination of probation is not an appealable order. That is unfortunate. Were this case reviewable on appeal, appellant would be entitled to a reversal because the court abused

its discretion by denying appellant's motion for termination without explanation.

The trial court here was not the original sentencing judge.

After appellant pleaded guilty to grand theft, the original judge withheld adjudication, placed appellant on probation for ten years, and ordered her to pay $28,750.68 in restitution. Often, the length of probation in a case such as this turns on the need to give an offender adequate time to make restitution to victims.

At the time of her motion to terminate probation, appellant had been on probation for over six years.

She had paid the restitution in full. She had paid all costs and fees that had been ordered.

She had never violated probation. The prosecutor said that appellant had no other prior offenses.

The stated legislative intent behind section 948.05 is to incentivize probationers, to "promote compliance with the terms of supervision." § 948.05(2), Fla. Stat (2019). Appellant is a poster child for compliance with the terms of probation. She demonstrated the type of positive conduct that the state seeks for probationers to accomplish. To deny her motion without explanation was an abuse of judicial discretion as that discretion has been characterized by the Florida Supreme Court:

> Judicial discretion is a discretion guarded by the legal and moral conventions that mold the acceptable concept of right and justice. If this is not true, then judicial discretion, like equity, will depend on the length of the judge's foot, the state of his temper, the intensity of his prejudice, or perhaps his zeal to reward or punish a litigant.

*Albert v. Miami Transit Co.*, 17 So. 2d 89, 90 (Fla. 1944).

\*   \*   \*

***Not final until disposition of timely filed motion for rehearing.***