619 So.2d 411 (1993)
Emmett William BAKER, Appellant,
v.
STATE of Florida, Appellee.
No. 92-00373.
District Court of Appeal of Florida, Second District.
June 2, 1993.
*412 James Marion Moorman, Public Defender, and Douglas S. Connor, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Susan D. Dunlevy, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Mr. Baker challenges two aspects of the sentence imposed upon the revocation of his probation. We reverse and remand for the striking of a special condition of probation and the correction of the written sentence to conform to the oral pronouncement.
The trial court orally imposed a probationary split sentence of 3 1/2 years' incarceration followed by 11 1/2 years' probation. The written sentence reflects a true split sentence of 15 years' incarceration with 11 1/2 years of the incarceration suspended while the defendant is on probation. See Poore v. State, 531 So.2d 161 (Fla. 1988). Technically, the written sentence does not conform to the oral pronouncement. In this case the punishment imposed and the future punishment for any additional violation of probation would seem to be identical under either approach. See State v. Johnson, 585 So.2d 272 (Fla. 1991); Franklin v. State, 545 So.2d 851 (Fla. 1989). In order to avoid any possible confusion, and in light of our disposition on the condition of probation, on remand the sentence should be corrected. The trial court is authorized to modify the language of the sentence to impose the intended probationary split sentence without requiring the defendant to appear for resentencing.
As a special condition of probation, the trial court provided that the defendant could not be considered for early termination of probation. This condition must be stricken because a trial judge is not authorized to divest the Department of Corrections of its authority to recommend early termination of probation. § 948.04(3), Fla. Stat. (1991). Moreover, a trial judge is not empowered to prevent the circuit court in the future from exercising its authority to discharge a probationer. § 948.05, Fla. Stat. (1991).
Reversed and remanded for correction of sentence and probation order.
LEHAN, Acting C.J., and PARKER and ALTENBERND, JJ., concur.