666 So.2d 191 (1995)
Frank JONES, IV, Appellant,
v.
STATE of Florida, Appellee.
No. 95-00449.
District Court of Appeal of Florida, Second District.
December 20, 1995.
*192 James Marion Moorman, Public Defender, and John T. Kilcrease, Jr., Assistant Public Defender, Bartow, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for appellee.
FRANK, Acting Chief Judge.
Frank Jones, IV, challenges his judgment and sentence following a guilty plea. After a review of the record in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), we affirm the appellant's convictions. We find, however, that the trial court erred in imposition of certain costs and probation conditions.
We strike that portion of probation condition 5 prohibiting the excessive use of intoxicants as a special condition that the trial court failed to announce at sentencing. Stark v. State, 650 So.2d 697 (Fla. 2d DCA 1995). The remainder of condition 5 is valid as a more precise definition of a general prohibition that needs no oral pronouncement. Evans v. State, 653 So.2d 1103 (Fla. 2d DCA 1995).
Jones has also challenged probation condition 33, which states, "No early termination of probation [typed]. Sex Offender Program must participate [hand written]." Although the intention of this condition may have been to proscribe termination before completion of a sex offender program, it appears calculated to divest the Department of Corrections of its authority to recommend early termination of probation. § 948.04(3), Fla. Stat. (1993). This is impermissible, and, as stated in Baker v. State, 619 So.2d 411, 412 (Fla. 2d DCA 1993), "a trial judge is not empowered to prevent the circuit court in the future from exercising its authority to discharge a probationer. § 948.05, Fla. Stat. (1991)." Thus, probation condition 33 must be stricken.
Of the $288.00 in costs imposed, $253.00 are mandatory and will not be stricken. The discretionary $2.00 cost pursuant to section 943.25(13) and the $33.00 "cost/fine" will be stricken because the statutory authority for those costs was not orally announced. This action is without prejudice to the state to seek reimposition of the costs with citation of statutory authority and adequate documentation. Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995). There was no error in imposing the public defender's fee, which was orally announced at sentencing. A determination of the appellant's ability to pay need not be made until collection is enforced. State v. Beasley, 580 So.2d 139 (Fla. 1991).
Reversed and remanded for correction of sentence and probation order.
PARKER and FULMER, JJ., concur.