666 So.2d 949 (1996)
Jose ARRIAGA, Appellant,
v.
STATE of Florida, Appellee.
No. 94-3407.
District Court of Appeal of Florida, Fourth District.
January 3, 1996.
Rehearing Denied February 14, 1996.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia Ann Ash, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, Judge.
We affirm the appellant's conviction, finding no error in either of the issues raised. The state concedes error in the trial court's inclusion of a special condition of probation *950 that appellant may not be considered for early termination of probation. We agree that this condition should be stricken. The court in Baker v. State, 619 So.2d 411 (Fla. 2d DCA 1993), was faced with a similar condition and addressed the improprieties of such a stipulation:
The condition must be stricken because a trial judge is not authorized to divest the Department of Corrections of its authority to recommend early termination of probation. S. 948.04(3), Fla. Stat. (1991). Moreover, a trial judge is not empowered to prevent the circuit court in the future from exercising its authority to discharge a probationer. S. 948.05, Fla. Stat. (1991).
Section 948.05 provides that a probationer may be brought before the court at any time to be "admonished or commended," and if it is in the best interests of justice and the welfare of society, the probationer may be discharged from further supervision. This provision requires the court to respond to the facts and circumstances that develop during the term of probation. If the probationer has fulfilled his obligations and has been a "model probationer," the interests of justice (not to mention the wise allocation of scarce resources) may require that early termination be considered. To permit the court to declare at the inception of probation that no early termination will ever be allowed defeats the salutary purpose of the statute.
If the special condition is meaningless and merely "precatory" in nature, it should not find its way into the formal judgment and sentence. The credibility of the judicial system is not enhanced when trial judges make hollow threats. A victim present at sentencing may take comfort in the trial judge's declaration that there will be no early termination of probation. These false assurances, once exposed, will surely lead to a lack of respect for the judicial system.
Accordingly, the condition at issue is stricken and this cause remanded for correction of the probation order.
GUNTHER, C.J., concurs.
FARMER, J., dissents with opinion.
FARMER, Judge, dissenting.
On the sentence form, the trial court wrote the words "no early termination" in the blank space for additional conditions of the probation imposed. The state concedes that it was error for the trial court to impose this special condition, citing Baker v. State, 619 So.2d 411 (Fla. 2d DCA 1993). That case concerned a probation condition providing that the Department of Corrections could not recommend an early termination. The second district held that a trial judge does not have the power to prevent a future court from discharging a probationer; nor may the trial judge deprive the Department of Corrections of its authority under § 948.04(3), Florida Statutes (1991), to recommend remission. In the present case, however, the trial court has simply said "no early termination." He has not sought to tie the hands of DOC in any way.
Although it is an alternative to incarceration and a matter of sentencing grace, probation is nevertheless punishment. When the legislature intends to apply mandatory minimum terms of punishment, it has usually said so in express terms. See, e.g., §§ 893.13(1)(c)1., and 893.135(1)(c) & (d), Fla. Stat. (1993). If Baker holds only that the sentencing judge does not have statutory authority to impose a mandatory minimum period of probation, I would certainly agree with that analysis.
If, on the other hand, Baker stands for the proposition that the sentencing judge is barred from expressing an intention that the offender serve the full period of probation imposed without premature remission, I should have difficulty in accepting it. It certainly seems to me that, in deciding to forego commitment to prison, the sentencing judge may intend that the full period of probation is the price for the avoidance of prison.
If so, I think the judge ought to be allowed to express that intention as a condition of the probation. In doing so, the judge may not intend necessarily to preclude future consideration of the probation term when unforeseen events reasonably so suggest. Rather, the judge seeks to make clear that, as the probation-instead-of-imprisonment commences, *951 the offender is destined to endure the whole term.
I necessarily agree with Baker that it would constitute an interference with the performance of another branch of government for a judge to forbid DOC from recommending remission when those unforeseeable future events occur. The authority to make the recommendation is reposed with the executive branch, not the judicial branch. While the power to end the probation before term is with the judge, the duty to recommend remission lies elsewhere.
Sometimes sentencing judges retire, move on to other courts, or pass away. It seems to me a felicitous use of judicial powers for a sentencing judge to do what this judge did. Although the condition appears to be cast in imperative terms, I construe its effect to be in the subjunctive mood. The trial judge has simply provided in unmistakable words that if this case falls before a new judge on a new day with a request to end the grace of prison avoidance early, the successor judge will know precisely what the sentencing judge had in mind. Moreover, the offender will know and can guide his conduct accordingly.
Hence, reading the condition as a precatory condition, I can find no error. In addition to affirming the conviction, I would affirm the sentence in its entirety.