722 So.2d 905 (1998)
George GARCIA, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 98-2949.
District Court of Appeal of Florida, Third District.
December 2, 1998.
*906 Lee H. Gross, for Appellant.
Robert A. Butterworth, Attorney General, for Appellee.
Before SCHWARTZ, C.J., and SHEVIN and SORONDO, JJ.
PER CURIAM.
The order on appeal which follows correctly resolves the issues before the trial court:
1. In 1996, Defendant was charged via information with aggravated assault on the elderly with a firearm. He was later charged with solicitation to commit murder. The charges were subsequently consolidated.
2. On June 24, 1998, Defendant entered into a written plea agreement. The plea was taken and accepted by the court. Defendant, an attorney, was represented by attorney Edward Shohat.
LAW
Defendant first argues that there was no factual basis for the plea. The trial judge has considerable discretion to determine whether there is a factual basis for the plea. Suarez v. State, 616 So.2d 1067 (Fla. 3d DCA 1993); Williams v. State, 316 So.2d 267 (Fla.1975). The court finds that there was a factual basis for the plea and that the defendant has failed to show manifest injustice.
Defendant next alleges that the court failed to inquire into the issue of whether he understood any possible defenses to the charge. The court notes that the defendant is an educated man with a law degree. During the colloquy, the defendant was asked if he understood that he was waiving his right to a jury trial, to call witnesses on behalf and to cross-examine witnesses. He stated that he understood the waiver of these rights. (See transcript, pages 13-14 attached as exhibit A). He also stated he was not under the influence of alcohol or drugs that affected his ability to understand the proceedings. (See transcript pages 12-13).

*907 Defendant further alleges that the prohibition from the practice of law is an illegal condition of probation. Defendant argues that the court lacks jurisdiction to prohibit him from practicing law. A plea agreement is a contract and the rules of contract law are applicable to plea agreements. State v. Frazier, 697 So.2d 944 (Fla. 3d DCA 1997). A party may waive any right to which he is legally entitled under the Constitution, a statute, or a contract. State, Department of Health & Rehabilitative Services v. E.D.S. Federal Corporation, 631 So.2d 353 (Fla. 1st DCA 1994). A defendant will not be relieved of an obligation that was included as a specific component of a plea agreement that was bargained for and voluntarily entered into by defendant. Allen v. State, 642 So.2d 815 (Fla. 1st DCA 1994). This court did not suspend the defendant from the practice of law. Defendant contracted away his right to practice law for the period of time he is on probation. The court merely accepted the contract that defendant freely entered into. The voluntary waiver of a right does not constitute an illegal sentence.
Defendant next claims that the lifetime ban on the purchase, possession or ownership of a firearm is an illegal condition of probation. The state concedes argument on this issue, but states that this is not a material alteration of the agreement. As stated in the above paragraph, Mr. Garcia voluntarily contracted for this term in his plea agreement. A defendant will not be relieved of an obligation that was included as a specific component of a bargained for and voluntarily entered into plea agreement. Id. As this is not a material alteration of the agreement, the lifetime ban on the purchase, possession, or ownership of a firearm is amended to ban the purchase, possession, or ownership of a firearm for the time period defendant is on probation.
Defendant next argues that the prohibition against early termination without the consent of the State Attorney is an illegal condition of probation. Jones v. State, 666 So.2d 191 (Fla. 2d DCA 1995) to support this position. In Jones, the court, pursuant to a negotiated plea, imposed a special condition that there be "no early termination of probation." This provision was found to divest the Department of Corrections of its authority to recommend early termination of probation. The facts in Jones, and the other cases cited by defendant are distinguishable in that probation may be terminated early in the case at bar. Paragraph 6 of the probation plea agreement states:
The defendant's term of seven (7) years of probation shall not be terminated prior to five years of successful completion and the special terms of probation contained herein shall not be modified without the express consent of the Assistant State Attorney and the approval of the Court.
This paragraph does allow for early termination of probation. Defendant must serve 5 years, not a full seven years. As for the argument that the State Attorney is determining the term of the probation, it is without merit. The agreement clearly states that the special terms of probation cannot be modified by without the express consent of the Assistant State Attorney. The special conditions of probation are listed in paragraphs 3, 4, and 11 of the agreement. Likewise, the court is not divesting corrections of its authority, nor is it prohibiting a future court from terminating the defendant's probation prior to the full term of seven years.
Affirmed.