LaROSE, Judge.
Robert Murphy appeals his conviction and sentence for driving under the influence of alcoholic beverages, third or subsequent conviction, and driving while license suspended, third or subsequent conviction. See §§ 316.193(2)(b)(l), 322.34(2)(c), Fla. Stat. (2005). Mr. Murphy raises five claims, only one of which has merit. The trial court erroneously imposed a no early termination of probation condition. We reverse on that point.
The trial court orally pronounced a sentence of eleven months and twenty-nine days in county jail followed by five years of probation. The written judgment and sentence included the additional condition of no early termination of probation. Mr. Murphy challenged this condition in a motion to correct sentencing error. See Fla. R.Crim. P. 3.800(b)(2). The trial judge denied relief, concluding that Mr. Murphy waived the issue by not objecting at the sentencing hearing. The sentencing transcript reflects, however, that Mr. Murphy could not object earlier because the trial court did not orally pronounce this condition. Therefore, he properly raised and preserved the issue for appeal. See Amendments to Florida Rules of Criminal Procedure 3.111(e) & 3.800 & Florida Rules of Appellate Procedure 9.020(h), 9.UO, & 9.600, 761 So.2d 1015, 1016, 1017 (Fla.2000) (stating rule 3.800(b) provides mechanism to correct sentencing error when written sentence deviates from oral pronouncement).
The trial court may not impose a special condition of probation that purports to divest the Department of Corrections (DOC) of its authority to recommend early termination of Mr. Murphy’s probation.[1] See § 948.04(3), Fla. Stat. (2005); Swedish v. State, 724 So.2d 640, 640 (Fla. 2d DCA 1999); Baker v. State, 619 So.2d 411, 412 (Fla. 2d DCA 1993). Additionally, the trial court may not prevent the circuit court from exercising its discretion to discharge Mr. Murphy in the future. See § 948.05, Fla. Stat. (1991); Baker, 619 So.2d at 412.
The State concedes error. Therefore, we direct the trial court, on remand, to strike the special condition of probation and to correct the sentence and probation order so that the DOC is aware that the special condition no longer exists. We affirm on Mr. Murphy’s remaining claims without further discussion.
Reversed and remanded with directions.
WHATLEY and CASANUEVA, JJ., Concur.

. This special condition is a substantive error that is correctable on appeal where preserved • with a rule 3.800(b)(2) motion. Cf. Ladson v. State, 955 So.2d 612, 613 (Fla. 2d DCA 2007) (affirming unpronounced, but otherwise proper, special condition of probation raised in rule 3.800(b) motion); Grubb v. State, 922 So.2d 1002, 1004 (Fla. 5th DCA 2006) (same).