PER CURIAM.
 

 This is an appeal from an order entered after a jury trial committing appellant as a sexually violent predator under section 394.917, Florida Statutes (2008). On appeal, appellant argues that no competent substantial evidence supports a conclusion that he was “likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment.” § 394.912(10)(B), Fla. Stat. (2008). We affirm.
 

 After an appropriate finding of probable cause, this case proceeded to a jury trial for civil commitment under the directives of section 394.9155, Florida Statutes (2008). Notwithstanding that such a proceeding is civil in nature,
 
 Westerheide v. State,
 
 831 So.2d 93 (Fla.2002), and governed by the Florida Rules of Civil Procedure,
 
 see
 
 section 394.9155(1), Florida Statutes (2008), counsel for Mr. Shaw, at the conclusion of the State’s case, purported to “raise a JOA [Judgment of Acquittal] motion.” The motion for judgment of acquittal is, of course, appropriate in a criminal case under Florida Rule of Criminal Procedure 3.380(a), but a motion for directed verdict applies in a civil proceeding under Florida Rule of Civil Procedure 1.480. Even assuming that use of the nomenclature JOA would not be a procedural bar, we note that, far from actually making such a motion, defense counsel proceeded to state “the State has covered all the basic elements.... ” Such a motion preserved nothing.
 
 See Roeling v. State,
 
 880 So.2d 1234 (Fla. 1st DCA 2004). Even were we to reach the merits, “the evidence was more than sufficient to permit the jury to find as it did.”
 
 Id.
 
 at 1236.
 

 Accordingly, the order of commitment is AFFIRMED.
 

 KAHN, BENTON, and ROBERTS, JJ., concur.