GRIFFIN, J.
Appellant, James Frederick Harris, was charged with sexual battery (Count I), aggravated battery on a pregnant person (Count II), and domestic battery by strangulation (Count III), arising from events that occurred on June 22, 2008. Appellant entered into a plea agreement for seven years incarceration, followed by eight years of probation on Count II, consecutive probation for five years on Count III, and a nolle prosequi of Count I. The trial court sentenced appellant in accordance with the plea agreement.
In the judgment and order of probation, the trial court included a “no early termination” condition. Appellant says this was done at the State’s request. Appellant identified this condition in the statement of judicial acts to be reviewed and appointed appellate counsel filed a motion to correct sentencing error to eliminate this condition. This special condition was not included in the written plea agreement and was not orally pronounced at sentencing. The trial court denied the motion.
We agree that this is an invalid special condition of probation. The Department of Corrections [“DOC”] has discretion to recommend early termination under specified statutory conditions. The trial court cannot preempt the DOC’s statutory right to recommend early termination, nor could DOC’s decision to do so constitute a violation of probation condition. The State asserts that the early termination condition was merely an expression of the sentencing judge’s intent, rather than a true “condition.” If this were merely a statement of the trial court’s view, we would find no error, as there could be no misunderstanding that it might be binding on DOC or on the probationer. Here, it is specifically identified as a condition of probation. Appellant is entitled to have it removed from the judgment and order of probation.
Condition STRICKEN.
ORFINGER and LAWSON, JJ., concur.