NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DOMINIQUE SHANTEL HOPPS,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Appellant,⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀⠀Case No. 2D13-5967
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
STATE OF FLORIDA,⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Appellee.⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)

Opinion filed February 6, 2015.

Appeal from the Circuit Court for
Hillsborough County; Ronald Ficarrotta,
Judge.

Howard L. Dimmig, II, Public Defender, and
Richard J. Sanders, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Brandon R. Christian,
Assistant Attorney General, Tampa, for
Appellee.

CASANUEVA, Judge.

⠀⠀⠀⠀⠀⠀Dominique Shantel Hopps appeals her judgments and sentences imposed

for one count of delivery of cannabis and one count of possession of cannabis (less

than twenty grams) following a jury trial.  Ms. Hopps was sentenced to time served on

the possession charge and three years' prison followed by two years' drug offender

probation on the delivery charge, with a special condition of probation calling for no early termination of probation. We affirm the judgments and sentences without discussion except as to the condition of no early termination of probation.

The trial court erred by imposing "a special condition of probation that purports to divest the Department of Corrections (DOC) of its authority to recommend early termination." Murphy v. State, 976 So. 2d 1242, 1243 (Fla. 2d DCA 2008); see also Baker v. State, 619 So. 2d 411, 412 (Fla. 2d DCA 1993) ("[A] trial judge is not authorized to divest the Department of Corrections of its authority to recommend early termination of probation."). Ms. Hopps raised this issue in a motion to correct sentencing error, which was timely filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). The State properly concedes error. Accordingly, we reverse and remand for the trial court to strike this special condition of probation and to correct the sentence and probation order so that the DOC is aware that the special condition no longer exists. We affirm in all other respects.

Affirmed in part; reversed in part; remanded for correction of sentence and probation order.

KELLY and LaROSE, JJ., Concur.