# Third District Court of Appeal

## State of Florida

Opinion filed August 16, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D17-944 and 3D17-1000
Lower Tribunal Nos. 13-17135, 05-31667B, 05-31668B,
05-32228B and 05-32515B

_____

**Anthony Willard Johnson,**
Appellant,

vs.

**The State of Florida,**
Appellee.

Appeals under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Kenneth P. Speiller, for appellant; Anthony Willard Johnson, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before SUAREZ, SALTER and FERNANDEZ, JJ.

FERNANDEZ, J.

Anthony Willard Johnson appeals the denial of his "Second Motion for Post-Conviction Relief," alleging that his plea was not voluntary because it was not entered with a full understanding of the ramifications of the plea. We affirm.

At the time of the plea, Johnson was on probation in five cases that originated in 2005, and he faced potential life sentences in each of the cases. The plea resulted from new charges filed in 2013, including attempted first-degree murder with a firearm and possession of a firearm by a convicted felon. Johnson faced mandatory life as a prison releasee reoffender in the new case.

Johnson entered into a written plea agreement that provided for a twenty-five year prison sentence in each of the cases, including the probation cases and the new case. The State waived the minimum mandatory sentence requirement in the new case. Johnson was serving a two-hundred thirty-five month prison sentence in federal prison when he entered his plea.

In the written plea agreement, the State and Johnson requested that the trial court recommend that the State and federal sentences be served concurrently, and they further agreed that if the recommendation was not accepted by either entity, this provision of the plea agreement would not support a motion to vacate the plea or a motion for post-conviction relief. Specifically, the relevant portion of the agreement provided as follows:

> The State of Florida hereby requests that the Court recommend that the defendant's sentence be served

2

concurrently with his 235 month federal sentence in Federal Case #1:13CR20619(s)-MOORE. The defendant understands and acknowledges that this recommendation is not binding upon the federal government or State of Florida Department of Corrections, and is merely a recommendation. By accepting this plea agreement, the defendant acknowledges and accepts that if this recommendation is not honored, that would not serve as a basis for a post-conviction challenge to this plea agreement or a basis to vacate this plea agreement.

Johnson now claims that the trial court should have specifically advised him that, if the Florida Department of Corrections and the Federal Bureau of Prisons did not accept the trial court's recommendation, he would be required to serve his state and federal sentences consecutively. He claims that the failure of the trial court to advise him accordingly resulted in an involuntary plea that he must be allowed to withdraw.

"A plea agreement is a contract and the rules of contract law are applicable to plea agreements." Garcia v. State, 722 So. 2d 905, 907 (Fla. 3d DCA 1998). A reading of the entire plea colloquy demonstrates that the trial court engaged in a thorough discussion with Johnson. Although Johnson expressed displeasure with the trial court's admonishment that the recommendation was just that, a recommendation, he acknowledged that he wanted to enter into the plea agreement. The trial court advised Johnson that he did not have to enter into the plea agreement, and that he could instead have hearings in each of the five probation

3

violation cases and a trial in the new case, but Johnson declined that opportunity. Johnson opted to complete the plea colloquy and adhere to the plea agreement.

The order of the trial court denying Johnson's motion for post-conviction relief is therefore affirmed.

AFFIRMED.