IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

O.P., A CHILD,

      Appellant,

 v.                                   Case Nos.  5D17-1210
                                        and 5D17-1211

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed January 12, 2018

Appeal from the Circuit Court
for Seminole County,
Melissa Souto, Judge.

James S. Purdy, Public Defender, and
Allison A. Havens, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Nora H. Hall, Assistant
Attorney General, Daytona Beach, for
Appellee.

PER CURIAM.

      O.P. appeals his sentence, challenging a special condition of probation that provides there will be no consideration of early termination. We reverse.

      Sixteen-year-old O.P. entered negotiated pleas in two cases that were consolidated for this appeal. In each case, O.P. pleaded no contest to burglary.[1] The trial

_____

      [1] In case no. 17-1210, O.P. also pleaded no contest to petit theft.

court withheld adjudication of guilt and sentenced O.P. to probation until his nineteenth birthday in accordance with the plea agreement. However, the court orally pronounced that it would not consider early termination of O.P.'s probation. The oral pronouncement was included in the written judgment and sentence.

O.P. filed a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). He argued that the no early termination condition should be stricken because "[t]he trial court is not empowered to prevent the Department of Juvenile Justice from recommending early termination, nor does it have the authority to prevent the circuit court in the future from discharging the probationer." At a hearing on the motion, the State conceded that the probationary condition was improper and requested an amendment to the court minutes removing the condition. Nonetheless, the court indicated that it "does not have to accept pleas that are negotiated," and that O.P. was free to withdraw his plea and proceed to trial.[2]

In the context of an adult sentence, this Court has previously concluded that a "no early termination" condition is an invalid special condition of probation. See Harris v. State, 51 So. 3d 1253, 1254 (Fla. 5th DCA 2011). We explained:

> The Department of Corrections ["DOC"] has discretion to recommend early termination under specified statutory conditions. The trial court cannot preempt the DOC's statutory right to recommend early termination, nor could DOC's decision to do so constitute a violation of probation condition. The State asserts that the early termination condition was merely an expression of the sentencing judge's intent, rather than a true "condition." If this were merely a statement of the trial court's view, we would find no error, as there could be no misunderstanding that it might be binding on DOC or on the probationer. Here, it is specifically identified as a condition of

---

[2] The record on appeal does not include a written order denying the motion, but the hearing transcript reflects that the court orally denied the motion.

2

probation. Appellant is entitled to have it removed from the judgment and order of probation.

Id. Both the Second and Fourth Districts have also concluded that a trial court is not authorized to impose a no early termination condition of probation on an adult defendant. See, e.g., Murphy v. State, 976 So. 2d 1242 (Fla. 2d DCA 2008); Arriaga v. State, 666 So. 2d 949 (Fla. 4th DCA 1996). In Arriaga, the court concluded, "If the probationer has fulfilled his obligations and has been a 'model probationer,' the interests of justice (not to mention the wise allocation of scarce resources) may require that early termination be considered." 666 So. 2d at 950. To allow otherwise would "defeat[] the salutary purpose of the statute." Id.

The only issue, then, is whether this principle applies within the framework of the juvenile justice system. We conclude that it does. Like in chapter 948, the trial court retains discretion to terminate probation early under the juvenile rules governing probation:

> The court may conduct judicial review hearings for a child placed on probation for the purpose of fostering accountability to the judge and compliance with other requirements, such as restitution and community service. The court may allow early termination of probation for a child who has substantially complied with the terms and conditions of probation.

§ 985.435(7), Fla. Stat. (2017). The State's argument that the court had discretion to impose the no early termination condition is unpersuasive because it conflates the court's discretionary authority to grant a probationer's request for early termination and the court's authority to impose a special condition that early termination will not be considered at all. Moreover, the distinction drawn by the State between the statutory provisions applicable to adults subject to probation versus those that apply to juveniles is unavailing

3

because both chapters 948 and 985 permit the trial court to terminate probation early. Compare § 948.05, Fla. Stat. ("A court . . . when satisfied that its action will be for the best interests of justice and the welfare of society . . . may discharge the probationer or offender in community control from further supervision."), with § 985.435(7), Fla. Stat. ("The court may allow early termination of probation for a child who has substantially complied with the terms and conditions of probation.").

In addition, the no early termination condition conflicts with the dual purposes of the juvenile justice system—preventing acts of delinquency and rehabilitating the juvenile. See § 985.02(3), Fla. Stat. (2017). A probationary condition that does not allow for early termination runs counter to the purpose of rehabilitation, and it does not allow for the consideration of the release of a juvenile who has "substantially complied" with the terms and conditions of his or her probation. See id. § 985.435(7).

Accordingly, we reverse and remand for the trial court to strike the condition of probation that prohibits consideration of the early termination of probation.

REVERSED and REMANDED.

COHEN, C.J., PALMER and WALLIS, JJ., concur.

4