# Third District Court of Appeal

## State of Florida

Opinion filed July 25, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-558
Lower Tribunal Nos. 97-23950, 15-9809
_____

**Robert Gering,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Cristina Miranda, Judge.

Carlos J. Martinez, Public Defender, and Stephen Weinbaum, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and G. Raemy Charest-Turken, Assistant Attorney General, for appellee.

Before LAGOA, EMAS and FERNANDEZ, JJ.

EMAS, J.

## INTRODUCTION

Robert Gering appeals from a final judgment adjudicating him a sexually violent predator and ordering his commitment to the Florida Civil Commitment Center, pursuant to sections 394.910-394.932, Florida Statutes (2016) ("the Jimmy Ryce Act") and  the Florida Rules of Civil Procedure for Involuntary Commitment of Sexually Violent Predators (Fla. R. Civ. P.—S.V.P. or "Jimmy Ryce Rules"). Gering raises two issues: 1) the trial court was without authority to grant a directed verdict during trial; and 2) even if a directed verdict is authorized in Jimmy Ryce cases, the trial court erred in granting the motion for directed verdict in this case.

We affirm and hold that the Jimmy Ryce Act and Jimmy Ryce Rules authorize either party to move for, and the trial court to grant, a directed verdict in a Jimmy Ryce jury trial.  We further hold that the trial court properly directed a verdict in favor of the State in the instant case.

## FACTS AND PROCEDURAL HISTORY

In 1986, Gering was charged with, and later convicted of, raping a seventy-year old woman in New York.  After serving less than five years in prison, Gering was released from prison, but violated his parole several times.  Gering later absconded to Miami Beach where, in 1997, he was charged with and convicted of lewd and lascivious battery and false imprisonment of another elderly woman. Gering was sentenced to twenty years in prison.

2

On May 1, 2015, the State filed a petition, pursuant to section 394.917, Florida Statutes (2015), to declare Gering a sexually violent predator and sought, following completion of his incarcerative sentence, to have Gering committed to the custody of the Department of Children and Family Services ("DCF"), until his "mental abnormality or personality disorder has so changed that it is safe for [Gering] to be at large." § 394.917(2). The State alleged that Gering suffered from sexual sadism disorder and antisocial personality disorder and that, after evaluation by a licensed psychologist, he is likely to engage in future acts of sexual violence if not confined in a secure facility for long-term control, care and treatment pursuant to Chapter 394, Florida Statutes.

The trial court held a probable cause hearing, found probable cause to believe Gering is a sexually violent predator, and ordered DCF to take Gering into custody following completion of his incarcerative sentence, pending a trial on the State's petition for involuntary civil commitment. Gering requested a jury trial, which was held in February 2016.

At trial, the State presented two witnesses: Dr. Jeffrey Musgrove, a clinical and forensic psychologist, and Dr. Sheila Rapa, also a clinical and forensic psychologist. Both doctors opined that Gering met all of the factors for civil commitment and that he was likely to reoffend in a sexually violent manner if not confined to a secured facility for long-term care, control and treatment.

3

Following Dr. Rapa's testimony, the State rested and Gering moved for a directed verdict, which the trial court denied. The State also moved for a directed verdict (consistent with its written motion for same), but the court deferred ruling on that motion.

Gering then sought to call Dr. William Samek, a clinical psychologist. The State objected to Dr. Samek testifying as an expert, asserting he was unqualified to offer expert testimony. The trial court agreed and excluded Dr. Samek from offering expert testimony, but did rule that Dr. Samek would be permitted to testify regarding his meetings with Gering and the matters they discussed. Gering's counsel chose not to present any testimony from Dr. Samek and did not proffer the expert testimony it would have elicited from him had he been permitted to testify.[1]

The trial court then heard further argument on the State's motion for directed verdict, and granted the motion, finding there was no conflict in the evidence which could properly be submitted to the jury and that no reasonable juror could find Gering was not a sexually violent predator. The court entered a final judgment of adjudication and civil commitment. This appeal followed.

On appeal, Gering contends that the trial court had no authority to direct a verdict in favor of the State in a Jimmy Ryce trial and alternatively, if the trial

---

[1] On appeal, Gering does not challenge the trial court's determination that Dr. Samek was not qualified to offer expert testimony.

4

court had such authority, it erred in directing a verdict in favor of the State in this case.

**ANALYSIS**

**Does the trial court have the authority to enter a directed verdict in favor of the State in a Jimmy Ryce jury trial?**

Because this question requires us to construe a statute and rules of procedure, our standard of review is de novo. State v. Phillips, 119 So. 3d 1233 (Fla. 2013).

The Florida Legislature enacted the Jimmy Ryce Act for the purpose of creating "a civil commitment procedure for the long-term care and treatment of sexually violent predators." § 394.910, Fla. Stat. (2016). Under the statute, a "sexually violent predator is any person who 'has been convicted of a sexually violent offense; and suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment." Phillips, 119 So. 3d at 1237 (quoting § 394.912(10)(a), (b), Fla. Stat. (2005)).

Gering's claim appears to be a question of first impression in Florida: Whether a trial court is authorized by statute or rule to direct a verdict in favor of the State in a Jimmy Ryce jury trial. Gering contends that once a Jimmy Ryce jury trial has commenced, the question of whether a respondent is a sexually violent predator <u>must</u> be determined by a verdict of the jury, and the trial court is not

5

authorized to take the case away from the jury and direct a verdict in favor of the State.[2]

We begin by noting that Gering does not contend in this appeal that a commitment proceeding under the Jimmy Ryce Act is criminal in nature; indeed, as the Florida Supreme Court has held on more than one occasion, an involuntary civil commitment proceeding under the Jimmy Ryce Act is civil, not criminal. See, e.g., Westerheide v. State, 831 So. 2d 93, 100 (Fla. 2002) (holding that the Jimmy Ryce Act "was clearly intended to create a civil commitment scheme" for those who are determined to be sexually violent predators under the Act); Osborne v. State, 907 So. 2d 505 (Fla. 2005); Mitchell v. State, 911 So. 2d 1211, 1215 (Fla. 2005) (noting "it is now settled law that the statutes authorizing civil commitment of sexually violent predators (i.e., the Jimmy Ryce Act), are civil").

Although Jimmy Ryce proceedings are civil in nature, we acknowledge that in light of the liberty interests implicated by such proceedings and the correlative due process concerns, certain procedures have been established and rights afforded which in some respects mirror procedures established and rights afforded in criminal prosecutions. See Mitchell, 911 So. 2d at 1216 (reaffirming that Jimmy

---

[2] Because the instant Jimmy Ryce case proceeded by jury trial, we confine our analysis and discussion to directed verdicts under Florida Rule of Civil Procedure 1.480(b). We note, however, that our analysis would appear to be equally applicable to a Jimmy Ryce case that proceeded to a bench trial, in which event rule 1.420(b) (involuntary dismissal) would be invoked.

Ryce proceedings are civil, but observing that "[t]he liberty interests affected in Ryce Act proceedings are not dissimilar to the liberty interests involved in criminal proceedings, although there are obviously critical distinctions").[3]

In a Jimmy Ryce proceeding, a respondent is afforded certain rights analogous in some respect to criminal proceedings. For example: the right to appointed counsel if he or she is indigent, see Fla. R. Civ. P.—S.V.P. 4.400(a); the right to self-representation following a hearing held pursuant to Faretta v. California, 422 U.S. 806 (1975), see Fla. R. Civ. P.—S.V.P. 4.400(b); the right to an adversarial probable cause hearing under certain circumstances, see Fla. R. Civ. P.—S.V.P. 4.220 and § 394.915, Fla. Stat. (2016); the right to seek habeas corpus relief based upon a claim of ineffective assistance of counsel, see Fla. R. Civ. P.—S.V.P. 4.460; § 394.9215, Fla. Stat. (2016). Additionally, the state attorney's office is charged with the responsibility of filing the petition seeking involuntary

---

[3] Analogously, other proceedings incorporate similar due process protections to protect important liberty interests, but are nonetheless considered civil, rather than criminal in nature. See, e.g., J.B. v. Florida Dep't of Children and Families, 170 So. 3d 780, 785 (Fla. 2015) (recognizing certain due process procedures rights must be afforded in termination of parental rights cases (e.g., right to appointed counsel for indigent parents), and establishing a mechanism for bringing a claim of ineffective assistance of counsel in such cases); N.S.H. v. Florida Dep't of Children and Family Servs., 843 So. 2d 898, 902 (Fla. 2003) (observing; "termination of parental rights 'cases are not criminal in nature. They are civil proceedings which happen to affect the substantial interests of the parents and children involved'") (quoting Ostrum v. Dept. of Health and Rehab. Servs. of Fla., 663 So. 2d 1359, 1361 (Fla. 4th DCA 1995)).

commitment under the Jimmy Ryce Act and for prosecuting such petition. See generally §§ 394.9125-394.914, Fla. Stat. (2016).

Nevertheless, there are also critical procedural differences between a Jimmy Ryce proceeding and a criminal prosecution. For example: A Jimmy Ryce proceeding is initiated by a petition, and respondent is required to respond by filing an answer, including, if appropriate, affirmative defenses, see Fla. R. Civ. P.—S.V.P. 4.100(a); further, "[a]ll pleadings shall comply with the rules governing pleadings in other civil actions" see Fla. R. Civ. P.—S.V.P. 4.100(a); the discovery provisions governing a Jimmy Ryce proceeding virtually mirror the discovery provisions in civil actions, see Fla. R. Civ. P.—S.V.P. 4.280-4.310, 4.390; petitioner is entitled to take the deposition of the respondent in a Jimmy Ryce proceeding, see Fla. R. Civ. P.—S.V.P. 4.310(a); a jury trial in a Jimmy Ryce proceeding must be demanded in writing or is deemed waived, see Fla. R. Civ. P.—S.V.P. 4.430(b), whereas a jury trial in a criminal proceeding is granted as a matter of right unless waived by the defendant, see Fla. R. Crim. P. 3.260 (providing "A defendant may in writing waive a jury trial with the consent of the state"); the burden of proof in a Jimmy Ryce proceeding is "clear and convincing evidence" rather than "beyond a reasonable doubt," see § 394.917(1), Fla. Stat. (2016); Fla. R. Civ. P.—S.V.P. 4.240(c); the State can appeal a jury verdict in

8

favor of the respondent in a Jimmy Ryce proceeding. <u>State v. Bryant</u>, 901 So. 2d 381 (Fla. 3d DCA 2005).

Gering contends that the State has no right to move for a directed verdict and the trial court has no authority to direct a verdict in favor of the State. For this proposition, he relies on one Jimmy Ryce rule and one statutory provision of the Jimmy Ryce Act:

Rule 4.110, Fla. R. Civ. P. – S.V.P. is entitled "Motions" and provides:

**(a) Motion for Summary Judgment.** After the pleadings and discovery are closed, but within such time as not to delay the trial, any party may move for summary judgment. Summary judgment practice shall be governed by Fla. R. Civ. P. 1.510.

**(b) Motions to Dismiss.** Motions directed to the sufficiency of the petition shall be contained in the answer as an affirmative defense.

**(c) Motion for More Definite Statement.** A respondent may file a motion for a more definite statement which shall be considered a motion for a statement of particulars in response to the original petition. The motion shall disclose the defects in the petition.

Gering contends that rule 4.110 contains the ***only*** motions which may be filed in a Jimmy Ryce proceeding and, because rule 4.110 does not include a motion for directed verdict, no such motion is authorized.

In further support, Gering relies upon section 394.917(1), which provides in pertinent part: "The court or jury shall determine by clear and convincing evidence whether the person is a sexually violent predator. If the determination is made by a jury, the verdict must be unanimous." Gering urges us to construe the statutory

9

language of section 394.917(1) to prohibit a motion for directed verdict, because that provision requires that "[t]he **court or jury shall determine** . . . whether the person is a sexually violent predator." (Emphasis added.) This language, Gering posits, evidences a clear intent by the Legislature that, where the trial is by jury, the determination must be reached by a verdict of the jury and cannot be made by way of a directed verdict.

However, Gering's argument ignores a fact of singular import: the Jimmy Ryce Act and the Jimmy Ryce Rules each expressly incorporates the Florida Rules of Civil Procedure:

Rule 4.440(a)(1) (entitled: "Rules of Procedure and Evidence") provides:

(a) In all commitment proceedings initiated under part V, chapter 394, Florida Statutes and this rule, the following applies:

(1) The Florida Rules of Civil Procedure and Florida Rules of Judicial Administration apply unless otherwise superseded by these rules.

(Emphasis added.)

Similarly, section 394.9155(1) provides:

The Florida Rules of Civil Procedure apply unless otherwise specified in this part.

(Emphasis added.)

In light of this express incorporation by the Legislature and the Florida Supreme Court, Florida Rule of Civil Procedure 1.480(a), governing motion for

directed verdict, plainly applies to a Jimmy Ryce proceeding "unless otherwise superseded by" the Jimmy Ryce rules.[4]  See rule 4.440(a)(1).  Gering cannot point to language in any provision of the Jimmy Ryce rules that supersedes or otherwise prohibits application of rule 1.480(a).  Gering's reliance on rule 4.110 for this proposition falls far short, as that rule merely sets forth a list of three pretrial motions (motion for summary judgment, motion to dismiss, motion for more definite statement) which are available in a Jimmy Ryce proceeding.  Nothing in the language of rule 4.110 indicates it supersedes the express incorporation of the rules of civil procedure, nor does it indicate any intent that the three pretrial motions listed in rule 4.110 constitute the **only** authorized motions that can be filed in a Jimmy Ryce proceeding.  Surely if the Florida Supreme Court intended rule 4.110 to represent an exhaustive or exclusive list of authorized motions, it would have said just that.[5]  Stated another way, the relevant question is not whether rule

---

[4] Rule 1.480(a) provides:

> **(a) Effect.** A party who moves for a directed verdict at the close of the evidence offered by the adverse party may offer evidence in the event the motion is denied without having reserved the right to do so and to the same extent as if the motion had not been made. The denial of a motion for a directed verdict shall not operate to discharge the jury.  A motion for a directed verdict shall state the specific grounds therefor. The order directing a verdict is effective without any assent of the jury.

[5] Indeed, one can find numerous other provisions within the Jimmy Ryce rules authorizing motions beyond those provided in rule 4.110.  See, e.g., rule 4.260 (motion for continuance of trial); rule 4.280(c) (motion for protective order); rule

11

4.110 permits motions for a directed verdict; the relevant question is whether, in light of the incorporation of the rules of civil procedure, rule 4.110 (or any other rule) <u>prohibits</u> a motion for directed verdict. Demonstrably, the answer is no.

Gering's reliance upon the language of section 394.917(1) is equally unavailing; read in context, that statute merely sets forth the process for a Jimmy Ryce trial by judge or jury and a final determination of whether a respondent is a sexually violent predator. Nothing in the language of that subsection indicates that motions for directed verdict are prohibited or unauthorized. Like the Florida Supreme Court, had the Legislature intended to exempt motions for directed verdict from its incorporation of the rules of civil procedure, it would have said so.[6] We find nothing in the provisions of the Jimmy Ryce Act or the Jimmy Ryce Rules to indicate the Florida Legislature or the Florida Supreme Court intended to prohibit or exclude such motions. <u>See also</u> <u>Osborne v. State</u>, 907 So. 2d at 507 (concluding that the State, in a Jimmy Ryce proceeding, possesses the same right

---

4.310(d) (motion to terminate or limit deposition); rule 4.380 (motion for order compelling discovery); rule 4.431 (motion for interview of juror).

[6] Gering argues, in essence, that he has a right to a verdict in a jury trial which cannot be short-circuited by a motion for a directed verdict. This is, however, irreconcilable with the fact that rule 4.110(a) expressly authorizes a motion for summary judgment, which may be entered on behalf of the State or the respondent. It is difficult to see how the Jimmy Ryce Act and Jimmy Ryce Rules can be read to require that, once commenced, a jury trial **must** proceed to verdict (unimpeded by a directed verdict) when the trial court has the authority to enter summary judgment in favor of the State, precluding a trial altogether.

to appeal as any other party in a civil proceeding, even though the right to appeal is not expressly provided for in the Jimmy Ryce Act).

In sum, we find no support for Gering's assertion that the State is without authority to seek, and the trial court is without authority to grant, a motion for directed verdict in a Jimmy Ryce proceeding. We further note that, if we were to adopt Gering's position and conclude that rule 4.110 contains the exclusive list of authorized motions, the following motions (which are contained in the rules of civil procedure but are not expressly duplicated in the Jimmy Ryce rules) would be prohibited in a Jimmy Ryce proceeding: motion to amend petition; motion to amend answer to petition; motion for voluntary dismissal (by the State); motion for new trial; motion for rehearing; motion for relief from judgment.

In addition, Gering's position would necessarily preclude both the State and the respondent from moving for a directed verdict in a Jimmy Rice jury trial. But this court, as well as our sister courts, have implicitly recognized a respondent's right to seek a directed verdict at the conclusion of a Jimmy Ryce trial. For example, in Brown v. State, 940 So. 2d 609, 610 (Fla. 4th DCA 2006), the Fourth District observed:

> In a civil commitment proceeding filed under the Jimmy Ryce Act, the Florida Rules of Civil Procedure generally apply. See § 394.9155(1), Fla. Stat. (2005) ("The Florida Rules of Civil Procedure apply unless otherwise specified in this part."). Florida Rule of Civil Procedure 1.480 outlines the procedures governing a motion for directed verdict. Rule 1.480(b) provides, in pertinent part:

13

When a motion for a directed verdict made at the close of all of the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Within 10 days after the return of a verdict, a party who has timely moved for a directed verdict may serve a motion to set aside the verdict and any judgment entered thereon and to enter judgment in accordance with the motion for a directed verdict.

In Murray v. State, 27 So. 3d 781 (Fla. 3d DCA 2010) respondent was adjudicated a sexually violent predator following a Jimmy Ryce jury trial. On appeal from that judgment, appellant contended that the trial court erred in denying his motion for directed verdict. We affirmed because appellant had failed to comply with rule 1.480(b) by renewing his motion for directed verdict, thus failing to preserve this claim. In doing so, we implicitly acknowledged that a motion for directed verdict, as provided by rule 1.480, was incorporated into the Jimmy Ryce Act and Jimmy Ryce Rules, citing approvingly to Brown for this proposition. See also Roosevelt v. State, 42 So. 3d 293 (Fla. 3d DCA 2010); Stengel v. State, 43 Fla. L. Weekly D978 (Fla. 4th DCA May 2, 2018); Hartzog v. State, 133 So. 3d 570 (Fla. 1st DCA 2014); Shaw v. State, 29 So. 3d 1161, 1161 (Fla. 1st DCA 2010) (noting that Florida Rule of Civil Procedure 1.480 is the proper vehicle for seeking a directed verdict in a Jimmy Ryce proceeding); State v. Shaw, 929 So. 2d 1145 (Fla. 5th DCA 2006).

14

**CONCLUSION**

As the Florida Supreme Court has determined, a Jimmy Ryce proceeding is civil in nature. And while aspects of the Jimmy Ryce Act and the accompanying procedural rules provide certain safeguards which mirror criminal procedures to comport with notions of due process in light of the liberty interests at stake, these additional safeguards do not transform a Jimmy Ryce proceeding from civil to criminal.

Given that the Jimmy Ryce Act and the Jimmy Ryce Rules expressly incorporate the rules of civil procedure (by which either party may seek a directed verdict), and the fact that a motion for directed verdict under the rules of civil procedure is not prohibited or otherwise superseded by any provision of the Jimmy Ryce Act or the Jimmy Ryce Rules, we hold that the trial court has the authority, upon proper motion and showing, to enter a directed verdict in favor of the State or respondent. We conclude that the trial court, in the instant case, properly directed a verdict in favor of the State.[7]

---

[7] We find no merit in appellant's remaining argument that the trial court erred in entering a directed verdict in favor of the State. Viewing the evidence, and all reasonable inferences, in a light most favorable to the non-moving party, there was simply "no reasonable evidence upon which the jury could legally predicate a verdict in favor of the non-moving party." appellant. Tylinski v. Klein Automotive, Inc., 90 So. 3d 870, 873 (Fla. 3d DCA 2012). See also Duval Laundry Co. v. Reif, 177 So. 726, 729 (Fla. 1937) (observing that "the court should never direct a verdict for one party unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law.")

Affirmed.