DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL SCOTT STURGEON,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D18-3406

[April 10, 2019]

Petition for writ of certiorari to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Joseph George Marx, Judge; L.T. Case No. 502010CF008357A.

Gregory C. Rosenfeld of Law Offices of Greg Rosenfeld, P.A., West Palm Beach, Andrew B. Greenlee of Andrew B. Greenlee, P.A., Sanford, and Joshua LeRoy of LeRoy Law, P.A., West Palm Beach, for petitioner.

Ashley B. Moody, Attorney General, Tallahassee, and Rachael Kaiman, Assistant Attorney General, West Palm Beach, for respondent.

PER CURIAM.

*Petition Denied.*

MAY and FORST, JJ., concur.
KUNTZ, J., concurring with opinion.

KUNTZ, J., concurring.

I fully join the Court's denial of Michael Sturgeon's petition for writ of certiorari to quash the circuit court's order denying his motion to end his probation. Sturgeon pleaded guilty to eleven counts of possession of child pornography. The court sentenced Sturgeon to four years in prison followed by five years of sex offender probation. Under the plea agreement, his sentence included a "no early termination" of probation clause.

After four years of probation, Sturgeon moved to end his probation. The circuit court denied the motion. But, it noted that it would have granted

the motion if not for the State's objection because of the no early termination provision.

Sturgeon argues the no early termination provision is unenforceable because it violates the controlling statute, violates the separation of powers, contravenes public policy, and is unenforceable and severable under contract law.

Sturgeon is correct that appellate courts have held that where a circuit court imposes special conditions of probation, the imposition of a no early termination provision violates section 948.05, Florida Statutes. *See, e.g.*, *Arriaga v. State*, 666 So. 2d 949, 950 (Fla. 4th DCA 1996); *Jones v. State*, 666 So. 2d 191, 192 (Fla. 2d DCA 1995); *Baker v. State*, 619 So. 2d 411, 412 (Fla. 2d DCA 1993). But, even if those cases were correctly decided,[1] they are distinguishable because this case involves a negotiated plea agreement.

Here, Sturgeon and the State entered into a valid and binding plea agreement that included a no early termination provision. Both the State and Sturgeon received benefits to the detriment of the other from the plea agreement. To ignore the no early termination provision and allow Sturgeon to terminate probation would allow him to enjoy the benefits of the plea bargain but avoid the burden.

The circuit court correctly declined to relieve Sturgeon from the burden of the valid agreement. I fully join the Court's affirmance of the circuit court's order.

*        *        *

***Not final until disposition of timely filed motion for rehearing.***

---

[1] *But see Arriaga*, 666 So. 2d at 950 (Farmer, J., dissenting) ("If . . . *Baker* stands for the proposition that the sentencing judge is barred from expressing an intention that the offender serve the full period of probation imposed without premature remission, I should have difficulty in accepting it. It certainly seems to me that, in deciding to forego commitment to prison, the sentencing judge may intend that the full period of probation is the price for the avoidance of prison.").