# Third District Court of Appeal

## State of Florida

Opinion filed March 23, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-393
Lower Tribunal No. F12-24759

_____

**Jose Miguel Cebez,**
Petitioner,

vs.

**Daniel Junior, etc., et al.,**
Respondents.

A Case of Original Jurisdiction – Habeas Corpus

The Horenstein Firm, P.A., and Bradley E. Horenstein, for petitioner.

Geraldine Bonzon-Keenan, Miami-Dade County Attorney, and Benjamin D. Simon, Assistant County Attorney, for respondent, Daniel Junior; and Ashley Moody, Attorney General, and Linda Katz, Assistant Attorney General, for respondent, The State of Florida.

Before FERNANDEZ, C.J., and LINDSEY and HENDON, JJ.

HENDON, J.

Jose Miguel Cebez petitions this Court for a writ of habeas corpus. For the reasons that follow, we deny the petition.

Mr. Cebez was charged by information with one count of falsely reporting the commission of a crime pursuant to section 817.49, Florida Statutes (Count 1); one count of uttering a forged instrument pursuant to section 831.02, Florida Statutes (Count 2); one count of first degree grand theft pursuant to section 812.014(2)(a), Florida Statutes (Count 3); one count of false or fraudulent insurance claims/$100,000 or more pursuant to section 817.234(1), Florida Statutes (Count 4); and one count of organized fraud/scheme to defraud/$50,000 or more pursuant to section 817.034(4)(a)(1), Florida Statutes (Count 5).

In May 2015, Mr. Cebez entered into a written plea agreement, and during a plea colloquy, Mr. Cebez was placed under oath and voluntarily accepted the terms of the plea agreement. Pursuant to the written plea agreement, as to Count 1, he was sentenced to time served, and as to Counts 2 through 5, he was sentenced to five years of probation followed by eighteen months in prison. As a special condition of probation, he agreed to pay $174,770 in restitution to Fireman's Fund Insurance Company on an agreed-upon schedule during his probation. He agreed that if he violated his probation, he would be sentenced to twenty-five years

in prison.  Further, paragraph 15 of the plea agreement states:

> 15.  At the time of surrender (commencement) of the state prison sentence imposed on Counts 2 through 5 of the Information, which shall be five (5) years from the date of sentencing or earlier if by order of the Court, the Defendant herein acknowledges and agrees that there are no circumstances, other than Paragraph 14, by which his, the Defendant's, eighteen (18) month State Prison Sentence on Counts 2 through 5, can be altered, reduced, or mitigated.[1]

In October 2021, following Mr. Cebez's completion of probation, the trial court entered an order terminating Mr. Cebez's probation and discharging Mr. Cebez from supervision by the Department of Corrections. Thereafter, Mr. Cebez did not surrender himself to serve the eighteen month prison sentence, and the State then filed a motion to enforce the plea agreement, requesting that the trial court order Mr. Cebez to surrender himself to serve the eighteen month prison term.

The trial court conducted a hearing on the State's motion to enforce the  plea agreement.  Mr. Cebez, through counsel, argued that the trial court did not have jurisdiction to hear the motion to enforce the plea agreement because it had terminated Mr. Cebez's probation.  In granting the State's motion, the trial court stated that the prison term was not a condition of probation, and it was not ruling that Mr. Cebez violated his probation.  Following the hearing, the trial court entered its written order

---

[1] Paragraph 14 is not applicable in the instant case.

granting the State's motion to enforce the plea agreement and ordering Mr. Cebez to surrender on March 2, 2022, which he has done.

Mr. Cebez filed the instant emergency petition for writ of habeas corpus, arguing that because the trial court terminated his probation, it did not have jurisdiction to hear the motion to enforce the plea agreement. We disagree.

"A plea agreement is a contract and the rules of contract law are applicable to plea agreements." See Johnson v. State, 225 So. 3d 930, 932 (Fla. 3d DCA 2017) (quoting Garcia v. State, 722 So. 2d 905, 907 (Fla. 3d DCA 1998)); see also State v. Gutierrez, 10 So. 3d 158, 159 (Fla. 3d DCA 2009). Here, Mr. Cebez entered into a negotiated plea agreement and accepted the benefits of the agreement. The plea agreement clearly provides that his sentence of five years of probation would be followed with eighteen months in state prison. Mr. Cebez is bound by the terms of the plea agreement. The fact that the trial court entered an order terminating Mr. Cebez's probation following his successful completion of probation does not eliminate the trial court's jurisdiction to enforce the remaining portions of the plea agreement. Accordingly, we deny Mr. Cebez's petition for writ of habeas corpus.

Petition denied.

4