DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LAWRENCE TYLER HOWARD**,
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D22-2656

[July 19, 2023]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Steven J. Levin, Judge; L.T. Case No. 56-2019-CF-001586-A.

Carey Haughwout, Public Defender, and Paul Edward Petillo, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Anesha Worthy, Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, J.

Lawrence Tyler Howard ("Defendant") appeals his conviction and sentence for one count of leaving the scene of an accident involving death following an open plea of no-contest, and the denial of his rule 3.800 motion to correct sentencing error. Defendant raises several issues on appeal, only one of which has merit. He argues the trial court erred in imposing a special condition of probation prohibiting early termination of probation without the State's approval. We agree and reverse.

By imposing the special condition prohibiting early termination of probation without the State's approval, the trial judge effectively prevented the circuit court in the future from exercising its authority to discharge Defendant's probation early. This is impermissible. *See Baker v. State*, 619 So. 2d 411, 412 (Fla. 2d DCA 1993) (striking special condition providing the defendant could not be considered for early termination of probation "because a trial judge is not authorized to divest the Department of Corrections of its authority to recommend early termination of probation" or "empowered to prevent the circuit court in the future from

exercising its authority to discharge a probationer"); *Jones v. State*, 666 So. 2d 191, 192 (Fla. 2d DCA 1995) (striking condition which prohibited early termination of probation until the probationer completed a sex offender program because the condition was impermissibly calculated to divest the Department of Corrections of its authority to recommend early termination of probation and, consequently, to prevent the circuit court in the future from exercising its authority to discharge the probationer).

Accordingly, we reverse and remand for the trial court to strike the condition of probation prohibiting early termination of probation without the State's approval. We otherwise affirm Defendant's conviction and sentence.

*Affirmed in part, reversed in part, and remanded with instructions.*

WARNER and KUNTZ, JJ., concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***

2