# Third District Court of Appeal

## State of Florida

Opinion filed March 13, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2047
Lower Tribunal No. F05-12895
_____

**Torrance Rogers,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Diana Vizcaino, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Sandra Lipman, Senior Assistant Attorney General, for appellee.

Before EMAS, MILLER, and LOBREE, JJ.

MILLER, J.

In this Jimmy Ryce Act case, appellant, Torrance Rogers, a sexually violent predator, challenges his involuntary civil commitment, imposed pursuant to section 394.910, et seq., Florida Statutes (2022), after he was found in violation of numerous provisions of his negotiated plea agreement. Relying upon a myriad of reported decisions, Rogers contends the commitment order is legally infirm because it is devoid of any express finding his violations were willful.[1]  The cases are inapplicable because they all involve either probation violations based upon nonpayment of financial obligations or so-called Quarterman agreements wherein the defendant enters into a negotiated plea agreement but further agrees that if he or she does not appear for sentencing, the trial court is authorized to impose a greater lawful sentence than that specified in the plea agreement.  See Quarterman v. State, 527 So. 2d 1380, 1381 (Fla. 1988); see also Johnson v. State, 501 So. 2d 158, 160–61 (Fla. 3d DCA 1987) ("[W]here timely appearance for sentencing is made a condition of a plea agreement, a non-willful failure to appear will not vitiate the agreement . . . ."); Selig v. State, 112 So. 3d 746, 751 (Fla. 2d DCA 2013) (holding defendant's failure to comply with probation conditions must be willful and not due to

---

[1] We summarily reject the secondary assertion commitment was discretionary under the terms of the agreement.

"transportation, money, health, [or] housing problems"); King v. State, 268 So. 3d 936, 939 (Fla. 1st DCA 2019) (analyzing appellant's challenge to order finding him in violation of probation and reversing where "it was undisputed that appellant failed to [comply] due to his lack of ability to pay"); Faison v. State, 358 So. 3d 1274, 1277–78 (Fla. 1st DCA 2023) (reversing where "no competent substantial evidence supporting the trial court's finding that [defendant] willfully violated his probation" when defendant testified that he "did not have the funds"). In contrast, here, by the plain and unambiguous terms of the plea agreement, the State agreed to suspend civil commitment in exchange for the fulfillment of certain delineated requirements, including participation in mentally disordered sex offender treatment and adherence to reporting and disclosure obligations. Rogers, in turn, agreed that any violation of the agreement would nullify the suspension. The agreement contains an integration clause, and competent, substantial evidence supports the finding that Rogers violated multiple material contractual provisions. Accordingly, applying well-settled contractual principles, we are dutybound to affirm the order under review. See Gering v. State, 252 So. 3d 334, 336 (Fla. 3d DCA 2018) ("Jimmy Ryce proceedings are civil in nature . . . ."); see also Garcia v. State, 722 So. 2d 905, 907 (Fla. 3d DCA 1998) ("A plea agreement is a contract and the rules of contract law are applicable to

3

plea agreements."); Armstrong v. State, 985 So. 2d 1156, 1158 (Fla. 3d DCA 2008) ("Where the terms of a contract are clear and unambiguous, the express terms control."); Harrington v. Citizens Prop. Ins. Corp., 54 So. 3d 999, 1002 (Fla. 4th DCA 2010) ("Courts may not rewrite contracts, add meaning that is not present, or otherwise reach results contrary to the intentions of the parties.") (internal quotation marks omitted) (quoting State Farm Fire & Cas. Ins. Co. v. Deni Assocs. of Fla., Inc., 678 So. 2d 397, 403 (Fla. 4th DCA 1996)); S. Bell Tel. & Tel. Co. v. Hanft, 436 So. 2d 40, 42 (Fla. 1983) (explaining intent is irrelevant in typical contract disputes unless punitive damages are sought).

Affirmed.